B. C. Calloway v. The State.

No. 8630.   Delivered February 18, 1925.

Rehearing denied March 18, 1925.

1.—Manufacturing Mash—Jeopardy—Plea of—Properly Overruled.

Where on a trial for the manufacture of mash, from which intoxicating liquors were to be made, a plea of jeopardy setting up a former conviction for transportation of a still, was properly overruled. The act of manufacturing mash, and transporting a still constitute separate and distinct offenses, and an acquittal or conviction of one is no bar to a prosecution for the other.

2.—Same—Practice—Motion to Dismiss—Not Proper.

Where appellant filed what he denominated "A motion to dismiss," on the grounds that he had been tried and convicted in another cause for transporting a still, while not proper practice, the trial court committed no error in overruling such motion, it not appearing that the former conviction was for the same offense for which appellant was on trial in this cause.

3.—Same—Evidence—Possession of Still Properly Admitted.

Evidence that appellant was found some four miles from the location of the mash that he was on trial charged with manufacturing, in possession of and transporting a still, was properly admitted, as a circumstance to show that the mash was intended by him to be used in the manufacture of whisky.

ON REHEARING.

4.—Same—Bill of Exception—Improperly Drawn.

Appellant was on trial charged with manufacturing mash, and a bill of exception complaining of the admission of evidence of the finding of mash in his wagon, which he admitted that he had manufactured to be used by him in making whisky, must have been presented inadvertently by counsel as it had no application whatever to this case and manifests no error.

Appeal from the district Court of Kaufman County. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction for manufacturing mash from which spirituous, vinous and intoxicating liquor was to be made; penalty, two years in the penitentary.

The opinion states the case.

*Wyne & Wyne,* of Kaufman, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Kaufman county of manufacturing mash from which spirituous, vinous and intoxicating liqors were to be made, and his punishment fixed at two years in the penitentiary.

The facts in evidence seem ample to support the conviction and need not be stated further than may be necessary to make clear our announcement of the legal principles involved.

Appellant filed a plea of former acquittal alleging that in cause No. 8640 he had been placed on trial under an indictment charging in three counts possession of a still (without describing the parts), transportation of a still (without description of the parts), and possession of equipment and a still (describing the parts), and that on the trial of said charges he had been acquitted. The learned trial judge made an order overruling said plea. There appears no bill of exceptions complaining that such plea was not submitted to the jury. Appellant also made what is denominated "A motion to dismiss," alleging that in cause No. 8640 (containing the three same counts above referred to), he had been tried and convicted. The trial court overruled this motion. There are three bills of exception, the first of which was taken to the refusal of the motion to dismiss. We are in doubt as to the correctness of such practice as the filing of such motion to dismiss, which was addressed to the court. However, if such practice be proper, the court was called on to decide the questions thus presented. It appears that a complete still was found in appellant's car, which finding formed the basis of the prosecution for the possession and transportation of the still. It also appears that at a different time and place eight barrels of mash belonging to appellant were found and this transaction was made the basis of the prosecution for the possession and manufacture of said mash. Appellant made a written confession admitting that he had the still and that he purposed making whiskey on same out of said mash. Not only do these things show two entirely separate and distinct offenses, but in support of the motion to dismiss it was not shown that the judgment in cause No. 8640 was a final judgment, and no effort

seems to have been made to submit the matters involved to the jury. If called on to act on such a motion, we think the action of the trial court in overruling it entirely correct.

No error appears in the complaint of the reception of evidence showing that on the same day on which officers found the eight barrels of mash with which appellant was shown to have been connected, he was found in Terrell, some four and one-half miles from where the mash was located, and that in Terrell he had a still in his car. An element of the offense of possession, transportation, etc. of mash is, that it was made, etc., for the purpose of manufacturing intoxicating liquor. Appellant's possession of a still in the same neighborhood and about the same time as that of the mash, would be a circumstance tending to make plain his purpose and intention in regard to the mash.

We do not comprehend the third bill which presents objection to the introduction of testimony of the finding of the two wagons with the barrels of mash in them on the same day appellant was found with the still in his car. The offense here on trial was the making of said mash. The finding of same and the showing of appellant's connection therewith were the material facts involved in the instant prosecution.

No error appearing, the judgment of the trial court will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that we erred in what we said, and also in that we did not say anything about his third bill of exceptions. We are satisfied that what we said was correct, and we did not discuss said third bill of exceptions because of our belief that it was taken under a misapprehension. It is now insisted that we should discuss it.

Appellant was on trial for manufacturing mash. Bill No. 3 recites that certain witnesses having sworn that they found appellant in a car with a still in boxes, were also asked if they found anything in a wagon about four and one-half miles from there on Sunday morning, the same day the still was found in appellant's car. This was objected to for the reason that appellant was being tried for transporting a still and equipment, etc., and that to prove that he was seen that same morning four and one-half miles away with mash in barrels in a wagon, had no bearing on the issue; that the court overruled the objection and permitted Mr. Carter to swear that he found two barrels of mash in the wagon on that day and that appellant was trying to drive said wagon down the road, etc. The terms of the bill manifest the fact that it has no application.

and we are still of opinion that it was taken under a misapprehension. In manifests no error.

The motion for rehearing will be overruled.

*Overruled.*