# FEBRUARY, 1925.

### B. C. CALLOWAY v. THE STATE.

No. 8629. Delivered February 18, 1925.

Rehearing denied, March 18, 1925.

1.—Possessing a Still—Bill of Exception—Incomplete.

Where a bill of exception complains of the admission of testimony, and does not point out intelligently wherein, nor why same is not admissible, it cannot be considered.

2.—Same—Confession—Disclosing Other Offenses—Admissible.

The fact that a confession made by appellant that he was in the possession of mash, and was hauling it for the purpose of making whisky was not rendered inadmissible by reason of the fact that such confession also disclosed the commission of another offense.

3.—Same—Sentence—Reformed.

It appearing to the court that in passing sentence upon appellant he was not given the benefit of the indeterminate sentence law, but was condemned to serve two years, in the penitentiary, the sentence will be reformed to read that he be confined in the penitentiary for not less than one nor more than two years.

Appeal from the District Court of Kaufman County. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction of possession of a still for manufacturing intoxicating liquor; penalty, two years in the penitentiary.

The opinion states the case.

*Wyne & Wyne* of Kaufman, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant is under conviction for the unlawful possession of a still for manufacturing intoxicating liquor. His punishment was assessed at two years, confinement in the penitentiary.

The evidence shows conclusively that appellant had prepared several barrels of mash from which he intended to make whiskey. He had ordered a still for that purpose which arrived in the city of Terrell on the day preceding the arrest. He undertook to move the mash from Terrell to a point in the country. The wagon in which the barrels were loaded bogged in the mud before reaching his destination. He started to this point with the still also, but upon discovering that the mash could not be carried through had turned back towards Terrell with the still in his car when he was apprehended by the officers.

Appellant complains that the state was permitted to prove by the officers that they had found a number of stills running in Kaufman County. The bill is insufficient in that it fails to show that the evidence objected to was not admissible upon some issue in the case. An examination of the statement of facts reveals that the mash found by the officers and the still found in possession of appellant were at different places. The still had never been assembled. The officers testified that with the equipment found in appellant's possession and with the mash found at another point (but shown to have belonged to appellant) whiskey could have been made. It may

have been the purpose of the testimony complained of to show the officers were familiar with stills and their operation and therefore qualified to testify that the equipment in connection with the mash could be successfully utilized in the manufacture of liquor.

There is no merit in the contention that the confession of appellant to the effect that he was in possession of mash and was hauling it for the purpose of making whiskey was inadmissible as disclosing the commission of another offense. All of the evidence was pertinent to the particular transaction under investigation.

We observe that in passing sentence upon appellant he was not given the benefit of the Indeterminate Sentence Law but was condemned ·to serve two years in the penitentiary. The sentence will be reformed to read that he be confined in said penitentiary for not less than one nor more than two years.

As thus reformed, the judgment is affirmed.

*Affirmed.*