JOSE MARTINEZ v. THE STATE.

No. 20651. Delivered December 6, 1939.

The opinion states the case.

*John J. Pichinson* and *E. H. Hernandez,* both of Corpus Christi, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is possession of marihuana. The punishment assessed is confinement in the State Penitentiary for a term of six years.

The record discloses that on May 5, 1938, a city policeman of Corpus Christi arrested appellant near a beer tavern in said city. At that time appellant attempted to dispose of some cigarettes by dropping them on the ground. The officer picked them up, however, and the next day appellant made a written confession admitting that he possessed marihuana cigarettes for the purpose of sale. In his confession he also admitted that he had been sent to the Texas penitentiary twice for burglary. The officers testified that the cigarettes contained marihuana. Appellant did not testify or offer any affirmative defense.

Owing to the disposition we are making of the case, we need only consider appellant's Bills of Exception Nos. 4 and 5, in which he complains of the action of the court in declining to delete from the confession the last two sentences which read as follows: "I have been to the Texas Penitentiary twice. Both times for burglary."

The court overruled appellant's motion and permitted the entire confession to be read to the jury; he also allowed them to carry it into the jury room. The court, did, however, instruct the jury not to consider evidence of extraneous crimes for any purpose except as they affected his credibility, if they did so; that they were not trying him for burglary and could not convict him because of other cases. We think appellant's contention should have been sustained. The punishment assessed was not the lowest, and we cannot say that the information in the purported confession relative to the two former convictions did not tend to prejudice appellant's rights with the jury in assessing his punishment at more than the minimum. It is true that the State may introduce the whole confession of the defendant, even though it embraces extraneous offense, if it tends to connect him with the crime for which he is on trial. See Calloway v. State, 99 Tex. Cr. R. 436, 270 S. W. 171; Coomer v. State, 97 Tex. Cr. R. 100, 260 S. W. 568. But, it is also a well settled rule that in a prosecution for a particular crime, the accused is to be convicted, if at all, by evidence which shows that he is

guilty of that offense alone, and that evidence tending to show that he committed other offenses wholly disconnected with that for which he is on trial should not be admitted. See 18 Tex. Jur. p. 53, Sec. 31, and the many authorities there collated. We think this is the rule by which this case must be decided. The confession was an admission by the appellant of his guilt of the particular crime (possessing marihuana) with which he was charged. In the instant case, the State might easily have pasted a strip of paper over the objectionable portion of the confession and thereby excluded it from the jury.

Had the appellant taken the witness stand, then the admissions in his confession might have been admissible as affecting his credibility as a witness. See generally Childs v. State, 22 S. W. 1039; Hooten v. State, 117 Tex. Cr. R. 510, 33 S. W. (2d) 741; Hunter v. State, 119 Tex. Cr. R. 558, 45 S. W. (2d) 969; Sherman v. State, 124 Tex. Cr. R. 275, 62 S. W. (2d) 146. But his character as a witness was not put in issue; consequently the evidence was not admissible for the purpose of affecting his credibility. See Thomason v. State, 115 Tex. Cr. R. 627, 27 S. W. (2d) 229; Ulmer v. State, 106 Tex. Cr. R. 349, 292 S. W. 245; Smith v. State, 80 Tex. Cr. R. 82, 188 S. W. 983. Hence, the instruction to the jury in this respect was error, notwithstanding the court charged them that they could not convict him because of other offenses.

The matters complained of in Bills of Exceptions Numbers 1 and 2, relate to the testimony of the officers as to the effect upon persons who use marihuana. The effect of marihuana was not an issue, as was so certified in the bills. We see no reason for admitting such testimony. Owing to the disposition we are making of the case, we need not consider the appellant's other contentions since they will probably not occur again on another trial.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.