Frank Cardenas GUAJARDO, Appellant,

v.

The STATE of Texas, Appellee.

No. 36849.

Court of Criminal Appeals of Texas.

May 20, 1964.

Evans & Egger, by Samuel L. Egger, San Antonio, on appeal only, for appellant.

J. Taylor Brite, Dist. Atty., Jourdanton, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Unlawful possession of heroin is the offense; the punishment, fifteen years.

It was shown by the state's evidence that on the night of May 4, 1960, as highway patrolmen Ray Curtis and Don Keller were traveling on U. S. Highway 81 near Gardendale in LaSalle County they observed a Pontiac automobile parked on the highway with the lights off. Appellant was standing by the vehicle, waving his shirt. The patrolmen proceeded to pass, then made a U-turn and returned to the scene. When asked by the patrolmen what the trouble was, appellant replied that the generator was "out." After the patrolmen pushed the car off the road into the borrow ditch, appellant was requested to produce his operator's license and replied that he had lost it. Thereupon, he was placed under arrest and taken to Cotulla by the officers, where a complaint was filed in justice court against him for unlawfully parking on the road. After arriving at the office of the justice of the peace, the patrolmen searched appellant. While being searched, appellant took from his shoe three small packages of paper, each of which contained a white powder. Patrolman Curtis took possession of the three packages and mailed them to the chemist at the Department of Public Safety in Austin, together with a urine and blood sample taken from appellant, with his consent, on the night in question.

It was shown by the testimony of Chemist Charles Beardsley, of the Department of Public Safety, that tests made in the department's laboratory, in Austin, of the contents of the three packages revealed that they each contained heroin, a narcotic drug. It was also shown that an analysis of the urine specimen taken from appellant revealed that it contained morphine, which, the chemist testified, is eliminated in the urine of a person who has taken heroin into the body.

After his arrest, appellant made a written confession to the officers which was introduced in evidence by the state, without objection.

In his confession, appellant stated that on May 4, 1960, he left his home in San Antonio and drove to Laredo in a friend's Pontiac automobile to purchase some heroin for his own use and for the use of his friend. Appellant stated that after arriving in Laredo he purchased three grams of heroin, wrapped in small papers, for $60, and that he put the papers of heroin in his shoe and started back to San Antonio, when the generator of the car stopped working. He stated that he tried to flag "down" some cars and finally the highway patrolmen stopped and

"They then searched me, and found the 3 grams of Heroin in my shoe, that I had bought from Hector in Laredo, Texas."

Appellant did not testify but recalled District Attorney J. Taylor Brite as a witness, who, upon questioning by appellant's counsel, stated that he had been notified by an assistant district attorney of

Bexar County that appellant was an informer for the narcotics bureau of the San Antonio police department.

Appellant insists that the court erred in admitting in evidence the three packages of heroin because they were obtained from his person as the result of an illegal arrest and search and were therefore inadmissible under Art. 727a, Vernon's Ann.C.C.P. It is the state's contention that the search of appellant's person was incident to his lawful arrest by the patrolmen for violating Sec. 93(a) of Art. 6701d, Vernon's Ann. Civ.St., which makes it a penal offense for one to stop, park, or leave standing any vehicle upon the main-traveled part of the highway outside a business or residential district when it is practical to stop, park, or leave the vehicle off such part of the highway. Sec. 153 of Art. 6701d, supra, which authorizes a peace officer to arrest without warrant any person found committing a violation of any provision of the act, is also cited by the state. Appellant insists that he was not violating Sec. 93(a) of the statute on the night in question because his automobile had become disabled, and refers to Sec. 93(b) of the statute, which provides:

"This Section shall not apply to the driver of any vehicle which is disabled while on the paved or main-traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position."

As to the mechanical condition of appellant's automobile at the time the patrolmen observed it parked on the highway, Patrolman Curtis testified that at such time appellant stated the generator was "out." The officer further stated that after they pushed the vehicle off the road he started the car and turned on the lights and they were dim. The fact that the officer was able to start the motor, in the face of appellant's testimony that the generator was "out," clearly raised an issue as to whether

or not appellant could have driven his automobile the few feet necessary to remove it from the main-traveled portion of the highway. No request was made by appellant that such issue be presented to the jury in connection with the question of the lawfulness of his arrest.

Under the record, the court did not err in admitting the three packages of heroin into evidence.

To show flight by the appellant as evidence of guilt, the state called Sheriff Frank Newman, who testified that appellant was arrested upon the charge and placed in jail on May 4, 1960; that he was later released upon execution of an appearance bond in the sum of $3,500. Upon call of the criminal docket after return of the indictment in September, 1960, appellant failed to appear, at which time judgment nisi was taken upon the bond and a warrant issued for his arrest. The sheriff testified that he proceeded to search for appellant from September, 1960, until November, 1963, at which time he was apprehended in the Webb County jail. Over appellant's objection that the same were irrelevant, immaterial, and prejudicial, the state was permitted to introduce in evidence as state's exhibits Nos. 1, 2, and 3, a capias issued for appellant's arrest after indictment, the judgment nisi dated September 6, 1960, forfeiting appellant's appearance bond, and the affidavit of a surety on the bond, dated May 3, 1961, stating his desire to be released upon the undertaking and requesting that a warrant be issued for appellant's arrest.

Appellant insists that the admission in evidence of the judgment nisi presents reversible error under the decision in Sorrell v. State, 74 Tex.Cr.R. 505, 169 S.W. 299, where it was stated by the court that a judgment nisi, being an ex parte proceeding against the accused, was inadmissible to show flight.

An examination of the opinion in the Sorrell case shows that the principal reason for reversing the judgment of convic-

tion was the failure of the court to grant a change of venue and the court's statement with reference to the admissibility of the judgment nisi in evidence was for the benefit of another trial.

An examination of the cases cited in 1 Branch 2d 162, Sec. 158 at page 163, on the subject, will conclusively demonstrate that the Sorrell case has not been followed on this latter point.

The state had the right to prove flight by appellant as evidence of his guilt. Proof that he failed to appear for trial and that his bond was forfeited was admissible as evidence tending to show flight. See: Henderson v. State, 163 Tex.Cr.R. 153, 289 S.W.2d 274, and cases therein cited.

The contention is overruled.

Complaint is made to the introduction in evidence of the urine specimen taken from appellant and to the testimony of Chemist Beardsley that his analysis of the specimen revealed the presence of morphine, which would indicate that appellant had taken heroin into his body. Appellant objected to the evidence on the ground that it was irrelevant, immaterial, and prejudicial to him and insists that, since the charge against him was possession of heroin, the proof that he had taken heroin into his body constituted proof that he was under the influence of a narcotic drug, an extraneous offense.

The specimen having been taken with appellant's consent, such evidence showing the presence of a narcotic drug in his body at the time of his arrest was admissible as a part of the res gestae. In Feather v. State, 169 Tex.Cr.R. 334, 333 S.W.2d 851, where the prosecution was for unlawful possession of heroin, it was held that an officer was properly permitted to testify that on the occasion of the defendant's arrest and search of his bedroom he observed punctures on the defendant's arm which would come from injecting needles in the arm.

Complaint is also made to the court's action in permitting Chemist Beardsley to testify that heroin could be taken orally or injected into the arm and to testify as to the manner in which it is injected and that the amount of powder in one packet would make several doses, as generally used. Complaint is also made to the chemist's testimony when he stated that if all of the powder in a package were taken in one dose it would be dangerous to a human being.

This testimony was offered by the state in proving the quantity of heroin which appellant had in his possession and to show that it amounted to more than a trace. Hence, no error is shown.

We are unable to agree with appellant that the chemist's statement that a dosage of all of the powder in one of the packets would be dangerous to a human being violated the rule in Martinez v. State, 138 Tex.Cr.R. 51, 134 S.W.2d 276, against showing in an unlawful possession case the effect, generally, upon persons using a narcotic drug.

Appellant complains of a certain statement made by District Attorney J. Taylor Brite, upon being called as a witness by him, when the prosecutor stated in the jury's presence the following:

"* * * the only time in which we were very, very upset about and dissatisfied was when this Defendant failed to appear and we tried to collect a thirty-five hundred dollar bond from an attorney in San Antonio, and then the District Attorney's office, trying to get the attorney off the hook on the thirty-five hundred dollar bond took a stand that we will never understand to this date * * *."

The record reflects that such statement was actually in response to questioning by appellant's counsel on direct examination. No reversible error appears.

■ Appellant's remaining contention is that the court erred in permitting him to be arraigned in the case, which was for a non-capital offense.

While Art. 491, V.A.C.C.P., provides that there shall be no arraignment of a defendant except upon an indictment for a capital offense, no objection was made by appellant to the proceedings. Hence, he is in no position to complain.

The judgment is affirmed.

Opinion approved by the court.