**Guadalupe Soliz MARTINEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39753.**

Court of Criminal Appeals of Texas.

Oct. 26, 1966.

R. B. Fogle, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Ted Hirtz and Donald M. Keith, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

McDONALD, Judge.

The offense is unlawful possession of a narcotic drug, to-wit, heroin; the punishment, ten years confinement in the Texas Department of Corrections.

While the facts are conflicting, we feel that since the jury resolved them in favor of the state and rejected the appellant's version of the transaction, we shall adopt the state's version of the testimony.

Officer Garcia and other officers had the apartment where appellant lived under surveillance from about 11:00 a. m.

on the date in question until around 2:00 p. m. During this interval the officers observed several known narcotic addicts come and go to the apartment. Officer Garcia radioed Officer Chavez and another officer to come and relieve them and take over the surveillance while Garcia and Officer Tissue went to get a search warrant. Officer Chavez and the other officer arrived and set up their surveillance, parking about one-half block down from the apartment unit occupied by appellant, watching the apartment where appellant lived: Officer Garcia obtained the search warrant and an arrest warrant from Justice of the Peace Jack Treadway and then radioed to Officer Chavez that he was in possession of the warrants. It was at this time that Officer Chavez told Officer Garcia that appellant and his wife had left their apartment. Garcia then told Chavez to stop them. The couple were stopped and detained until Garcia arrived about ten minutes later. The pair were in custody of Officer Chavez. All parties then proceeded to the apartment, entered, and it was at this juncture that appellant took out four grams of heroin from behind the cover plate of the light switch in the dining room area and gave it to Officer Chavez. The appellant also took the cover off the bottom of the refrigerator in the kitchen and pulled out an eyedropper with a needle and two tablespoons and handed them to Officer Chavez.

Chemist Floyd McDonald of the Houston Police Department testified that the powdery substance in four envelopes was heroin. He also testified as to the number of shots that could be obtained from such a quantity of heroin.

We find the evidence sufficient to sustain the jury's verdict.

■ Appellant urges several contentions as error, the first one being in substance that he was arrested without a warrant, without probable cause, at a time when he was not in violation of any law. We find no merit in this contention and hold that Officer Chavez had probable cause to arrest appellant without a warrant, since Chavez had just been told over the radio by Garcia that Judge Treadway had issued a warrant for the arrest of appellant. Article 215, Vernon's Ann.C.C.P., now Art. 14.04, V.A.C.C.P.; Jones v State, 171 Tex.Cr.R. 608, 352 S.W.2d 270, and cases there cited.

■ Since there is nothing in the record to indicate that the officer used an offense report to refresh his recollection either prior to or during trial, we find no error in the refusal of the trial court to make the report available to appellant's counsel. Art. 39.14, V.A.C.C.P.; Young v. State, Tex.Cr. App., 398 S.W.2d 572, and cases there cited.

■ Further, we find no error in the action of the trial court in permitting Chemist McDonald to testify on the basis of his expert knowledge of the strength of the heroin recovered and to translate the amount of heroin recovered into terms understandable to the jury. This Court has consistently rejected such a contention. Acosta v. State, Tex.Cr.App., 403 S.W.2d 434 and Guajardo v. State, Tex.Cr.App., 378 S.W.2d 853.

We find no error in the closing argument of the prosecutor, which was, we think, a fair inference from facts in evidence before the jury.

No other contentions advanced are worthy of our attention.

The judgment is affirmed.