George Washington FRANKLIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 46294.

Court of Criminal Appeals of Texas.

May. 23, 1973.

Rehearing Denied June 13, 1973.

William R. Magnussen (on appeal only), Fort Worth, for appellant.

Doug Crouch, Dist. Atty., William W. Chambers, Tim Evans and J. J. Heinemann, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty. and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Conviction by a jury on a plea of not guilty of possession of a narcotic drug, to-wit, marihuana; the punishment, nineteen (19) years.

Armed with a search warrant on July 8, 1970, four police officers went to apartment 201 in the Big Tex Apartments at 1628 East Hattie in Ft. Worth. They searched the apartment and found a white beer cooler in the bedroom containing three brown paper bags and eight plastic bags containing marihuana, a total of 3.4 pounds, enough to make 3,000 average cigarettes, and a brass pipe ordinarily used to smoke marihuana. In the closet in a man's blue top coat, they found 213 capsules containing a derivative of barbituric acid, commonly called "Red Birds," which were sleeping pills.

The chain of custody of the contraband was fully established and was not questioned or objected to. The chemist, Max Courtney, qualified as an expert, analyzed the contraband and gave his opinion as to its nature and contents, to which there was no objection.

Apartment 201 at the Big Tex Apartments, where the marihuana and the "Red Birds" were found, was shown to be the residence of appellant and a woman, and there was no evidence showing that anybody else lived there or had custody except appellant and the woman. Appellant came on the scene after the officers had entered the apartment but before the search, and was present when the contraband was found.

Appellant did not testify on the guilt-innocence stage of the trial, but at the punishment stage, seeking probation, he testified:

"Q (by Mr. Chambers, State's attorney) Mr. Franklin, can you turn to that jury and tell them that you are sorry you had that marihuana out there?

"A Yes, I can say that."

Ground of error number one advanced by appellant challenges the sufficiency of the evidence.

Schutz v. State, Tex.Cr.App., 448 S.W. 2d 486, is very similar in facts to this case. There Schutz and a woman lived in the

house where the contraband was found. The court said:

> "The trial court did not err in concluding that appellant was an occupant of the house and was in possession of the marihuana cigarettes and other contraband seized."

■ It is well established that a narcotic drug may be jointly possessed by two or more persons. Davila v. State, 169 Tex. Cr.R. 502, 335 S.W.2d 610; Ochoa v. State, Tex.Cr.App., 444 S.W.2d 763.

■ We conclude that the evidence herein is sufficient to sustain the conviction, and overrule ground of error number one.

Ground of error number two advanced by appellant complains because the "Red Birds," containing a derivative of barbituric acid, were admitted in evidence.

■ The "Red Birds" were found in appellant's apartment in the search when the marihuana was found. They were admissible as res gestae, whether alleged in the indictment or not. Henderson v. State, 172 Tex.Cr.R. 75, 353 S.W.2d 226; Hudson v. State, Tex.Cr.App., 453 S.W.2d 147.

We overrule ground of error number two.

■ In his ground of error number three, appellant urges that the court erred in permitting the chemist to testify as to the long term effects of the use of barbiturates. He objected on the ground that the chemist was not qualified to express an opinion on this subject.

The chemist, Max Courtney, was shown to have two degrees in chemistry, had made an extensive study of narcotics and barbiturates, of their properties and effects, and had much experience with them. He was shown to have knowledge far beyond that of a layman, and the trial court was justified in considering that his opinion might aid the jury in an understanding of the subject.

In these cases chemists have been permitted to testify as to the properties and effects of narcotics: McGaskey v. State, Tex.Cr.App., 451 S.W.2d 486; Guajardo v. State, Tex.Cr.App., 378 S.W.2d 853; Martinez v. State, Tex.Cr.App., 407 S.W.2d 504; Acosta v. State, Tex.Cr.App., 403 S.W.2d 434; Beal v. State, Tex.Cr.App., 432 S.W.2d 94.

We hold that the chemist was qualified to express the opinion in question.

■ The testimony about which appellant complains was that the capsules containing a derivative of barbituric acid, commonly called "Red Birds," and which are sleeping pills, had the long term effect "that with continued and long time use of it, they would become definitely addicted to it, and would become physically inept." Other than a general objection, not sufficient to preserve error, appellant's only objection was as to the qualifications of the chemist to give this answer.

Had appellant objected to this answer on tenable grounds, the evidence would not have been admissible under Martinez v. State, 138 Tex.Cr.R. 51, 134 S.W.2d 276.

■ Appellant was being tried for the possession of marihuana. While this evidence as to the "Red Birds" was admissible as res gestae, it was not an issue to be solved by the jury as to the effects of the long term use of them. This evidence related to a collateral matter, however, we do not consider that it was of sufficient importance in the case to require a reversal. McGaskey v. State, Tex.Cr.App., 451 S.W.2d 486; Beal v. State, Tex.Cr.App., 432 S.W.2d 94; Martinez v. State, 157 Tex.Cr.R. 603, 252 S.W.2d 186.

We overrule ground of error number three.

There being no reversible error, the judgment is affirmed.

Approved by the Court.