**Steve MAGEE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47870.**

Court of Criminal Appeals of Texas.

Feb. 6, 1974.

Roland H. Hill, Jr., Fort Worth, for appellant.

Tim Curry, Dist. Atty., Earl E. Bates, Glen E. Eakman and Roger W. Crampton, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

This appeal is from a conviction for the offense of sale of a narcotic drug, to-wit: heroin; the punishment assessed by the jury is confinement in the Texas Department of Corrections for five years.

Appellant does not contest the sufficiency of the evidence, but urges five grounds of error.

In his first ground of error appellant contends the trial court erred in permitting Frank Shiller, the Director of the Criminalistic's Laboratory in Fort Worth, to testify that an injection of 0.22 grams of 80% heroin would be fatal over an objection that such testimony was irrelevant and immaterial. This testimony of Shiller was offered after the evidence established that the strength of the heroin purchased from the appellant was determined to be 80% and the quantity was 0.22 grams.

We overrule this ground of error. This court has held it is not reversible error to permit a chemist to testify on the basis of his expert knowledge as to the strength of the narcotic recovered and to translate the

amount of narcotic recovered into terms understandable to the jury. Martinez v. State, 407 S.W.2d 504 (Tex.Cr.App.1966); Acosta v. State, 403 S.W.2d 434 (Tex.Cr.App.1966); Guajardo v. State, 378 S.W.2d 853 (Tex.Cr.App.1964); McGaskey v. State, 451 S.W.2d 486 (Tex.Cr.App.1970); and Franklin v. State, 494 S.W.2d 825 (Tex.Cr.App.1973).

Appellant in grounds of error two and three urges the state's attorney committed error in his jury argument during the punishment phase of the trial and the court erred in not granting a mistrial because of such improper argument.

■ The state in opposition to appellant's application for probation presented only one witness, Chief of Police Prince, who testified that appellant's reputation was not good. During the argument, the state's attorney argued:

"Mr. Hill could have asked the one question that he didn't ask. A question I couldn't ask, and that is 'how do you know that his reputation for being a peaceful and law abiding citizen is bad?' He did not ask that . . ."

The court sustained appellant's objection to the argument, instructed the jury not to consider it for any purpose and denied a mistrial motion.

We hold the argument did not constitute reversible error. In Mims v. State, 466 S.W.2d 317 (Tex.Cr.App.1971) we held:

"While it is never proper for a prosecutor to imply to the jury that he knows more about the accused than the jury has been told, we do not conclude that the error is reversible under the circumstances presented. While such an argument was improper, no statute was violated and no new and harmful fact was injected in this case. Such is the test set forth in Vineyard v. State, 96 Tex.Cr.R. 401, 257 S.W. 548."

The appellant objected to the following argument as being outside the record:

"This heroin that this man here is out selling at the Fun Palace where 12, 13 and 14 year olds congregate, right here; is making thieves out of our sons and it's making street walkers out of our daughters, and happening here in Tarrant County."

■ The objection was sustained and no further relief was requested. This court in Rodgers v. State, 486 S.W.2d 794 (Tex.Cr.App.1972) answered appellant's contention as follows:

"Defense counsel's objection was sustained, no further relief was requested and no adverse ruling was secured, therefore, no error is shown. Moon v. State, 465 S.W.2d 172 (Tex.Cr.App.1971); Goad v. State, 464 S.W.2d 129 (Tex.Cr.App.1971)."

■ Finally appellant complains of the following argument by the state's attorney:

"This man was dealing that heroin for money. Price was discussed; he was paid $40.00, and this you heard is 80% pure heroin. It is death right here. If that undercover man had not purchased this, if somebody else out there had purchased this and had injected this into their system, they would be dead."

The court sustained an objection that the argument was outside the record, instructed the jury not to consider the statement and denied appellant's motion for mistrial.

We hold that the challenged argument was a reasonable deduction from the evidence and does not violate the standard as set by this Court in Thompson v. State, 480 S.W.2d 624 (Tex.Cr.App.1972):

"The test as to whether an improper argument constitutes reversible error is whether, (1) the argument is manifestly improper, harmful and prejudicial, or (2) it is violative of a statute or, (3) it injects a new and harmful fact into the case. Vineyard v. State, 96 Tex.Cr.R. 401, 257 S.W. 548 (Tex.Cr.App.1922)."

We overrule grounds of error two and three.

■ Ground of error number four urges that the jury considered new and other evidence during its deliberations. At the hearing on the motion for new trial two jurors testified that during the jury deliberations on punishment the foreman or one of the jurors stated that if appellant were given probation, he would be right back doing the same thing and that there was no telling how many times the appellant had sold heroin before he got caught. One of the jurors testified further that during these same deliberations some jurors stated that if the appellant were put on probation, he would continue selling heroin. Appellant argues this constitutes consideration of new evidence. We hold that such consideration is a fair deduction from the evidence. As to appellant's illegal activities prior to the offense in question, Officer McRae, the undercover agent, testified that appellant told him on the occasion of the sale in question that a friend was mailing the heroin from Viet Nam and appellant was saving some of it and selling some. As to the probability of appellant continuing this life of crime if given probation, such is a proper jury consideration in determining an applicant's eligibility for probation. The jury heard evidence in the punishment hearing that appellant could live out the terms of his probation and that he would never repeat the incident in question. The credibility of this testimony is for the jury. The jury heard a wide variety of evidence about appellant in both phases of the trial. The conversations of the jurors in question occurred at the hearing on punishment and were a proper deduction from the evidence and a proper consideration in determining punishment. Bartell v. State, Tex.Cr.App., 464 S.W.2d 863. No reversible error is shown.

■ Ground of error number five urges that the foreman of the jury withheld a bias or prejudice on voir dire examination. On a hearing on the motion for new trial, testimony was developed from two jurors that the foreman made a statement during the jury deliberations on punishment that he would under no circumstances give a probated sentence in a sale of heroin case and that he couldn't do so because heroin is death. Appellant urges that the foreman should have apprised the state and the appellant of such feelings during voir dire. There is no transcript of the voir dire. There is no way for this Court to determine whether or not said juror concealed his bias, if any, or was ever questioned as to his feelings about probation. Nothing is presented for review.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.