**Thomas Earl MEASELES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–82–122–CR.**

Court of Appeals of Texas,
Austin.

March 23, 1983.

Rehearing Denied Jan. 4, 1984.

Steve Hurst, Austin, for appellant.

Ronald Earle, Dist. Atty., Christopher Gunter, Asst. Dist. Atty., for appellee.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

SHANNON, Justice.

Appellant Thomas Earl Measeles appeals from a judgment of conviction rendered by the district court of Travis County for delivery of a controlled substance, methamphetamine. The jury assessed punishment of confinement for six years in the Texas Department of Corrections. This Court will reverse the judgment.

By a single ground of error, appellant attacks the judgment of conviction, complaining that the district court erred in allowing the State, at the hearing on punishment, to present an expert witness who testified as to the effect of methamphetamine on the human mind and body.

The foundation for appellant's ground of error is that the district court permitted Dr. Richard Coons, a practicing psychiatrist, to testify over objection during the punishment phase regarding the long-term effects of methamphetamine use or abuse. Dr. Coons opined that continued use of methamphetamine can result in the user becoming "hyper, irritable, hypervigilant, some-

times progressing into short-tempered, paranoid." He also stated that extended use of the substance can "produce a paranoid psychosis which is indistinguishable from schizophrenia," and that the user can become "delusional or at times hallucinatory." Finally, Dr. Coons related that, "I've seen cases where people have injured other people out of the mistaken belief that the other people were after them, based on a paranoia that they have produced in themselves by speed [methamphetamine]."

Appellant maintains that the prosecutor was able to argue to the jury, based upon Dr. Coons' testimony, that he or any other person guilty of delivery of methamphetamine should not be entitled to probation. Appellant claims that if such evidence were admissible, then, for example, in an armed robbery case the number of robberies in any given period of time and location would be relevant to the issue of punishment, or in a driving-while-intoxicated case a jury would be entitled to hear statistics concerning the number of persons killed by drunk drivers each year in this State. In sum, appellant insists that the evidence of the effects of methamphetamine on the human mind and body is not a relevant consideration in the determination of punishment.

The Code of Criminal Procedure addresses the character of evidence heard in the punishment phase of the trial:

> [r]egardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character.

Tex.Code Cr.P.Ann. art. 37.07(3)(a) (1981).

In defense of the judgment of conviction, the prosecution points out that in *Allaben v. State,* 418 S.W.2d 517 (Tex.Cr.App.1967), the Court of Criminal Appeals explained art. 37.07(3)(a) as follows:

> [e]vidence to be offered at the hearing on punishment pursuant to the provisions of Article 37.07, Section 2(b) [now art. 37.07(3)(a)], Vernon's Ann.C.C.P. is by no means limited to the defendant's prior criminal record, his general reputation

and his character. Evidence legally admissible to mitigate punishment or evidence that is relevant to the application for probation, if any, is also admissible. The State contends that Dr. Coons' testimony was admissible so that the jury might understand the nature of appellant's offense and intelligently assess appellant's punishment.

It is true that in several instances the prosecution, in the punishment phase of the trial, has been permitted to show a defendant's past connection with drugs. In *Cleveland v. State,* 502 S.W.2d 24 (Tex.Cr.App. 1973), there was no error in allowing the defendant to testify that he had bought marijuana in the past (the defendant had previously pleaded guilty to possession of marijuana). In *Holmes v. State,* 502 S.W.2d 728 (Tex.Cr.App.1973), there was no error in admitting evidence showing the defendant's hospitalization for drug addiction (the offense being burglary with intent to commit theft). In *McCrea v. State,* 494 S.W.2d 821 (Tex.Cr.App.1973), the State in a prosecution for sale of marijuana was permitted to question the defendant as to his possible drug addiction, marijuana addiction, and prior use of methamphetamine.

One basis for distinguishing those cases from the present appeal is that in *Cleveland, Holmes,* and *McCrea* the evidence related only to the defendant's own predilections or conduct. In this appeal, to the contrary, Dr. Coons' testimony was concerned with the effects of methamphetamine on users in general.

As authority for reversal, appellant relies primarily on *Martinez v. State,* 138 Tex. Cr.R. 51, 134 S.W.2d 276 (1939). *Martinez* held that an officer's testimony regarding the effects of marijuana in a prosecution for possession of marijuana was inadmissible because such effects were not in issue in such a prosecution. The State endeavors to distinguish *Martinez* on the basis that it was decided before the advent of separate hearings on the questions of guilt and punishment. *Martinez,* however, has been cited

with approval by the Court of Criminal Appeals since the introduction of the bifurcated system. *See Franklin v. State,* 494 S.W.2d 825 (Tex.Cr.App.1973).[1]

Dr. Coons' testimony, of course, did not relate to appellant's prior criminal record, his general reputation, or to his character, Tex.Code Cr.P.Ann. art. 37.07(3)(a), nor was it required to so relate. *Allaben v. State, supra.* There is not much doubt, however, but that the admission of Dr. Coons' testimony allowed the prosecution to convey to the jury the notion that *any* person guilty of delivery of methamphetamine would be a risky subject for probation. After some difficulty, this Court has concluded, finally, that evidence of the effect of methamphetamine on the human mind and body was not relevant to the assessment of appellant's punishment and its admission was error.

The judgment of conviction is reversed and the cause is remanded for new trial.

Reversed and Remanded.

---

1. It should be observed that in *Franklin* the evidence was offered at the guilt-innocence stage of the trial. *See also McGaskey v. State,* 451 S.W.2d 486 (Tex.Cr.App.1970).