Jackie GOFF, Appellant,

v.

STATE of Texas, Appellee.

No. B14–82–287–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 9, 1983.

Review Refused Oct. 19, 1983.

Rehearing Granted Dec. 7, 1983.

William W. Vance, Bryan, for appellant.

Travis B. Bryan, III, Bryan, for appellee.

PAUL PRESSLER, ROBERTSON and CANNON, JJ.

ROBERTSON, Justice.

The jury rejected appellant's not guilty plea to the offense of murder and, after finding the enhancement paragraph in the indictment to be true, assessed punishment at ninety years confinement. Appellant asserts ten grounds of error to reverse his conviction. We affirm.

While appellant does not contest the sufficiency of the evidence, a short recital of the facts would be helpful. On the morning of March 6, 1981, the deceased's body with sixteen stab wounds in it was discovered in a ditch across the highway from a club called the Blue Dolphin in Brazos County, south of College Station, Texas. From the evidence, it appears the deceased, appellant, and two other men decided to go outside of the Blue Dolphin Club and engage in a fight. Both the deceased and appellant were intoxicated. There was a fact dispute as to how many of this group went out at the same time; however, the end result was the deceased being stabbed sixteen times and his body dragged across the highway and left in a ditch. Appellant testified he and the deceased had a fight on the night of March 5, 1981; during the course of the fight he was stabbed in the leg by the deceased; he pulled his own knife and stabbed the deceased twice and then collapsed from his own wound; he then saw one of the other men, Eric Ryan, fighting with the deceased, but Ryan did

not have a knife nor did he see Ryan stab the deceased. Appellant denied stabbing the deceased sixteen times and denied intending to kill him.

In his first ground of error, appellant contends the trial court erred in overruling his motion to dismiss the prosecution due to a violation of TEX.CRIM.CODE PROC.ANN. art. 32A.02 (Vernon Supp. 1982–1983) (Texas Speedy Trial Act). Appellant was arrested in Nebraska for this offense on April 26, 1981, and returned to Brazos County on July 7, 1981. Three separate indictments were returned in this cause: June 25, 1981, October 29, 1981, and December 17, 1981, respectively. On August 31, 1981, the state filed a written announcement of ready for trial with the trial court. When a declaration of readiness is made, there is a prima facie showing of conformity to the speedy trial act. This may be rebutted by the accused with evidence which demonstrates that the state was not ready within the act's time limit. *Lopez v. State*, 628 S.W.2d 82 (Tex.Crim. App.1982). Appellant did not assert his right to a speedy trial until April 2, 1982. The speedy trial act is addressed to prosecutorial delay rather than the judicial process as a whole. *Ostoja v. State*, 631 S.W.2d 165 (Tex.Crim.App.1982). The record reflects appellant's first attorney filed several pre-trial motions on August 12, 1981. One motion which called for the recusal of the trial judge was granted. Later, on November 2, 1981, appellant's second attorney was appointed. The case was originally scheduled for trial on November 23, 1981. However, at the hearing on appellant's motion to dismiss because of a violation of the speedy trial act, appellant's attorney testified that it was not in the best interest of his client that the trial commence on November 23, 1981. Appellant contends that because the indictment he was tried under was not returned until December 17, 1981, the state could not have been ready for trial on August 31, 1981. However, the prosecutor stated he was prepared to go forward with the trial on the original indictment of June 25, 1981. We find no evidence to rebut the state's

announcement of readiness. Appellant's first ground of error is overruled.

Appellant's second ground of error contends the trial court erred in overruling his objection to an improper jury argument by the prosecutor during the punishment phase of the trial. Over appellant's objection, the state was permitted to argue in reference to appellant, "This man cannot be rehabilitated...." Appellant argues the harm of the erroneous argument is readily apparent in this case because the jury assessed punishment at ninety years confinement. We need not decide if the argument could be considered improper because appellant failed to object earlier when the prosecutor made essentially the same argument: "Because rehabilitation is really not a factor for this man. This man has told you by his past actions, which is the best indicator of all what he is going to do in the future that he can't be rehabilitated ...." When no objection was made at the first opportunity, the argument did not constitute error. *Rodriquez v. State*, 614 S.W.2d 448 (Tex.Crim.App.1981). Appellant's second ground of error is overruled.

Appellant's third ground of error contends the trial court erred in submitting an instruction on the law of parties. In the application paragraph of the charge, the court authorized a conviction if the jury found appellant was a party to the offense with one of the other men, Eric Ryan. Appellant argues the charge should not have been submitted because the evidence showed "at most" Eric Ryan was merely present at the scene. However, appellant's own testimony shows otherwise. Appellant admitted he and Ryan were fighting with the deceased when appellant stabbed and cut the deceased. After stabbing the deceased, appellant stopped fighting but the deceased and Ryan continued. While denying he killed the deceased, appellant admitted he had a good idea of who did. The only person whom appellant would admit was fighting with the deceased was Ryan. The proof of appellant's presence at the scene and his active participation with

Ryan in the attack upon the deceased authorized submission of such theory of parties to the jury. *Flores v. State*, 372 S.W.2d 687 (Tex.Crim.App.1963). Appellant's third ground of error is overruled.

In his fourth and fifth grounds of error, respectively, appellant contends the trial court erred in overruling his objection to the admission of evidence concerning an extraneous offense, and to the prosecutor's argument urging the jury to convict on the basis of that extraneous offense. During trial, Richard Gulledge of the Brazos County Sheriff's Office was permitted to relate the details of appellant's attempt to escape from jail. Gulledge stated he found some drill bits, hacksaw blades, and a map of the courthouse in appellant's cell. He further stated the duct work within the cell evidenced fresh scratch marks. The trial court overruled appellant's objection that the above testimony concerned an inadmissible extraneous offense. Evidence of a defendant's attempt to escape from jail has been held not to be error. *Walker v. State*, 588 S.W.2d 920 (Tex.Crim.App.1980). Evidence of escape from custody or flight to avoid arrest is generally held admissible on the issue of guilt. *Hunter v. State*, 530 S.W.2d 573 (Tex.Crim.App.1975). Evidence of appellant smuggling implements of escape into jail were admissible on the issue of guilt.

Later, the state was permitted to argue, "This man [appellant] was trying to get out of the Brazos County Jail, ladies and gentlemen based on the evidence. And you know why he was trying to get out, ladies and gentlemen? Because he did not want to come in here and face you twelve ...." At this point, appellant objected to this "as improper argument." The court overruled the objection. We find the objection was insufficient to apprise the trial court of the specific nature of the alleged error and, thus, any error is waived. *See Carter v. State*, 614 S.W.2d 821 (Tex.Crim. App.1981). Had the objection been sufficient, the state's argument constituted a summation of the evidence properly before the jury. *Todd v. State*, 598 S.W.2d 286 (Tex.Crim.App.1980). Appellant's fourth and fifth grounds of error are overruled.

Appellant's sixth ground of error contends the trial court erred in admitting testimony from an alleged expert witness. John McCutcheon, a chemist with the Texas Department of Public Safety, conducted a blood-alcohol test on a sample of the deceased's blood. The test results showed a blood-alcohol content of 0.36 per cent. Over appellant's objection, McCutcheon was permitted to testify that such a level of alcohol in the blood would have dramatically hampered the deceased's ability to defend himself. Earlier, McCutcheon testified he was qualified to testify as to the effect of alcohol on the body. He also testified without objection, that a 0.36 per cent level of alcohol in the blood would cause "severe problems with motor coordination, and if you get much higher many people would be comatose." An expert's testimony derives its value not from observation but from special knowledge and experience enabling him to draw inferences more reliably than the jury can unaided. *Holloway v. State*, 613 S.W.2d 497 (Tex. Crim.App.1981). McCutcheon testified he had special knowledge of being able to translate what effect the blood-alcohol content would have on the body. *See Franklin v. State*, 494 S.W.2d 825 (Tex.Crim.App. 1973). His competence to testify as to the effect of alcohol on the body was not challenged by appellant. The court did not err in overruling appellant's objection. Appellant's sixth ground of error is overruled.

In his seventh ground of error, appellant contends the trial court erred in refusing to allow him to show the bias of one of the state's witnesses, the deceased's sister. When appellant attempted to cross-examine the witness about her alleged bias in favor of the state, the court sustained the state's objection that the question regarding writing letters to the local newspaper had no relevance to the case. Appellant's attorney then stated he was only attempting to show bias in the state's favor. Nothing further was offered as to how the witness was biased against appel-

lant. No bill of exceptions was made to preserve this point for appellant review. Appellant's seventh ground of error is overruled.

 Appellant's eighth ground of error contends the indictment was fundamentally defective for failing to allege a culpable mental state. The recognized mental states set forth in TEX.PENAL CODE ANN. § 6.02(d) (Vernon 1974) are intentional, knowing, reckless, and criminal negligence. Appellant alleges the indictment stating that appellant "did *unlawfully intentionally*, intending to cause serious bodily injury to" the complainant alleges a culpable mental state not recognized under § 6.02(d). (Emphasis added). The exact words of the statute need not be alleged in an indictment when there is no material difference between the allegations. *Ex Parte Burkett*, 577 S.W.2d 265 (Tex.Crim.App.1979). It is unnecessary for the state to allege in the indictment that the act was "unlawfully" done. *Veevers v. State*, 172 Tex.Cr.R. 162, 354 S.W.2d 161 (1962). We find the indictment alleged appellant intentionally intended to cause serious bodily injury to the deceased. While it was not necessary to allege that appellant "intentionally" intended to cause serious bodily injury, *See Lugo—Lugo v. State*, 650 S.W.2d 72 (Tex.Crim.App.1983), such an allegation does not invalidate the indictment. Appellant's eighth ground of error is overruled.

 In his ninth ground of error, appellant contends the trial court erred in admitting his confession into evidence because he was not properly warned of his rights under TEX.CODE CRIM.PROC. ANN. art. 38.22 § 2 (Vernon 1979) or *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Appellant contends he was not warned he could terminate the interview at any time, he had a right to appointed counsel, or any statement he made could be used as evidence against him. Appellant filed a motion to suppress his confession, a pretrial hearing on the motion was held, and the court overruled such motion. The confession was admitted into evidence at trial. The record shows that all of appellant's contentions were fact issues resolved against him. In its findings of fact on the motion, the trial court "initially resolved, determined and decided the conflicting and disputed issues of fact, from all the evidence [presented at the pre-trial hearing on motion to suppress appellant's confession], beyond a reasonable doubt and without regard to the truth or falsity of the confession, that the confession of the [appellant] was freely and voluntarily made and was admissible." The trial court is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony in a hearing on pre-trial motions. *See Vigneault v. State*, 600 S.W.2d 318, 329 (Tex.Crim.App.1980). Appellant cannot be heard to complain where the trial court resolves issues of fact against him when there is evidence to support the court's decision. There is evidence the warnings required by art. 38.22 § 2 which appellant contends were omitted were in fact given. Appellant's ninth ground of error is overruled.

In a supplemental brief, appellant, relying upon *Cobarrubio v. State*, 675 S.W.2d 749 (Tex.Crim.App.1983) (not yet reported), contends the charge to the jury on the offense of murder is fundamentally defective. The court charged the jury on the offenses of murder, voluntary manslaughter, and aggravated assault. In *Cobarrubio*, and *Jenkins v. State*, Nos. 64,000–64,004 (Tex.Crim.App. February 16, 1983) (not yet reported), the Court of Criminal Appeals found the application paragraphs for murder and voluntary manslaughter were defective and stated that the burden of proving the lack of sudden passion must be placed upon the state in the paragraph of the charge applying the law of murder to the facts of the case. *Cobarrubio*, at 751. Unless such a charge does so, the court said the charge is fundamentally defective and may be challenged for the first time on appeal although there is no objection to the charge at trial. *Jenkins*.

While both of these cases are presently pending before the Court of Criminal Appeals on motion for rehearing and it is unknown whether the principles announced therein will be upheld, they are not dispositive of the issue before us. A defendant is not entitled to a charge on voluntary manslaughter unless there is evidence the offense occurred under the influence of sudden passion arising from an adequate cause. *Luck v. State*, 588 S.W.2d 371 (Tex.Crim.App.1979). "Sudden passion" means passion directly caused by or rising out of provocation by the individual killed arising at the time of the offense and is not solely the result of a former provocation. TEX.PENAL CODE ANN. § 19.04(b) (Vernon 1974). An "adequate cause" is a cause that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection. TEX.PENAL CODE ANN. § 19.04(c) (Vernon 1974). In determining whether the evidence supported a charge on voluntary manslaughter, we will view the evidence in the light most favorable to appellant. Most of this evidence is from appellant's own testimony and shows appellant and the deceased exchanged words three or four times prior to their fight because of a girl both were interested in at the Blue Dolphin Club. The deceased was extremely drunk. The appellant testified he drank two quarts of Wild Turkey whiskey, a half of a pint of Jack Daniels whiskey, and approximately six pitchers of beer on the night of the offense. In addition, he testified he took approximately five Quaaludes that day. After the final exchanging of words, the deceased told appellant he "was tired of [appellant] butting in in his way [sic]." At this point, appellant said the deceased jabbed him in the ribs and told appellant he wasn't so tough and said, "Let's go outside." The appellant testified he was not sure whether the deceased ever threatened to kill him but thought he heard the word "kill." Appellant was positive he thought the deceased was going to try to hurt him. At that point, at least, appellant, Eric Ryan, and the deceased went outside.

As they were going outside, appellant thought he would have to get the deceased before he got him. When they walked out the door, the complainant grabbed appellant's T-shirt and both fell off balance. As he fell and right after he hit the ground, appellant testified he was stabbed in the leg by someone. However, he never saw a knife. He testified that when he got stabbed it scared him and that he figured he would be stabbed again. Appellant pulled out his knife and began stabbing and cutting the deceased. On cross-examination, appellant testified he and deceased *agreed* to go outside to settle their differences. From our review of the record, we find no sudden passion arising from an adequate cause which would have entitled appellant to a jury charge on voluntary manslaughter. He testified he wanted to get the deceased before the deceased got him. This showed that he was consciously aware of his actions and planned them out. Appellant testified he planned to knock the deceased off balance with the door so that he could hit him, but when he swung around, the deceased grabbed his T-shirt and prevented him from doing so. Although appellant testified he was scared when he was allegedly stabbed in the leg, fear in and of itself is not sufficient to require a charge on voluntary manslaughter. *Daniels v. State*, 645 S.W.2d 459 (Tex.Crim.App.1983). Only when fear arises to the level of terror does such a charge need to be given. *Id.* at 460. While we fully recognize that voluntary manslaughter, other lesser included offenses or murder, and self-defense are not inconsistent defenses to the charge of murder, still there must be *evidence* to raise these defensive issues to justify their submission to the jury. Appellant never testified to facts which raised the issue of voluntary manslaughter. His position throughout the trial was that he did not kill the deceased and his conduct in twice stabbing the deceased was justified on the basis of self-defense. We find the evidence did not raise the issue of voluntary manslaughter and any error in the giving of such an instruction was to appellant's benefit and, therefore, harm-

less. While the court charged the jury on law of self-defense and mutual combat, we note a forceful argument could be made that neither of these issues was raised, but we need not so decide. Appellant's tenth ground of error is overruled.

The trial court's judgment is affirmed.