Diane WILKERSON, Appellant,

v.

The STATE of Texas, State.

No. 2–85–007–CR.

Court of Appeals of Texas,
Fort Worth.

April 30, 1986.

George Trimber, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., and C. Chris Marshall, Asst., Fort Worth, for appellee.

## OPINION

HOPKINS, Justice.

This is an appeal from a conviction for possession of a controlled substance under TEX.REV.CIV.STAT.ANN. art. 4476–15, sec. 4.042 (Vernon Supp.1986). The appellant pled guilty to a jury which assessed punishment at eleven years confinement in the Texas Department of Corrections.

The judgment is affirmed.

In appellant's sole ground of error, she alleges the trial court erred in admitting testimony relative to the value and use of the contraband.

When appellant attempted to pass through a security checkpoint at Dallas-Fort Worth airport, she was arrested for having 1,560 tablets of phenmetrazine and 285 tablets of hydromorphone in her pos-

session. Appellant was convicted for the possession of phenmetrazine in excess of 400 grams and the State waived its count as to hydromorphone.

Appellant's primary contention is that to admit testimony that the street value of the drugs was approximately $40,000 "inflamed the jury and led to the conclusion that she was a drug 'dealer' and was able to enrich herself with this large amount of money." Appellant further contends that the value of the drugs would be relevant only to a charge of "delivery" and that since she pled guilty to the charge of "possession," the only admissible evidence was as to "care, custody, control and management." We disagree.

 Through cross-examination of the State's witness, appellant was the first to present evidence to the jury on the subject of the value of the drug, and she cannot later complain when the State elicits similar testimony. *Dossey v. State,* 165 Tex.Crim. 652, 310 S.W.2d 321, 324 (1958). Furthermore, in a "possession" case, testimony of the value of a controlled substance admitted over objection is not reversible error. *See Kemner v. State,* 589 S.W.2d 403, 406 (Tex.Crim.App.1979).

 Appellant also complains of the admission of evidence as to the hydromorphone tablets since the State elected not to proceed on that count in the indictment. It is not reversible error to admit evidence of other contraband simultaneously possessed by the accused as same constituted part of the same transaction. *See Fisher v. State,* 493 S.W.2d 841, 843 (Tex.Crim.App.1973).

 Testimony was admitted as to the method of use of the drugs and the amount of "fixes" or shots that could be obtained from the drugs possessed by appellant and this constitutes the vague second prong of her complaint on appeal. It has been frequently held that the State may show how many doses a given amount of drugs will supply or how many cigarettes a given amount of marihuana will produce. Such evidence merely allows the State to translate the testimony into terms which are understandable by the jury. *See Enriquez v. State,* 501 S.W.2d 117, 120 (Tex.Crim. App.1973) and *Kemner,* 589 S.W.2d at 406. *See also Martinez v. State,* 407 S.W.2d 504, 505 (Tex.Crim.App.1966) and *Acosta v. State,* 403 S.W.2d 434, 438 (Tex.Crim.App. 1966), *cert. denied,* 386 U.S. 1008, 87 S.Ct. 1352, 18 L.Ed.2d 449 (1967).

Although the appellant cited no authority in its brief relative to the alleged inadmissibility of testimony concerning use of drugs in a "possession" case, the Court is aware of the case of *Measeles v. State,* 664 S.W.2d 364 (Tex.App.—Austin 1983, pet. ref'd) which holds it was reversible error for the trial court to admit "irrelevant" testimony concerning the *use* of the controlled substances in a "delivery" case. We disagree with the holding in *Measeles* as placing a much too narrow construction on TEX.CODE CRIM.PROC.ANN. art. 37.-07, sec. 3(a) (Vernon Supp.1986) which addresses the character of evidence admissible during the punishment phase of the trial. *Measeles* relies on *Martinez v. State,* 138 Tex.Crim. 51, 134 S.W.2d 276 (1939) and *Franklin v. State,* 494 S.W.2d 825 (Tex.Crim.App.1973). In *Martinez* the case was reversed because the trial court failed to delete extraneous offenses from the confession. The court did not decide whether the testimony relating to the effect of marihuana was reversible error, but merely stated "[w]e see no reason for admitting such testimony." *Martinez,* 134 S.W.2d at 277.

*Franklin* was an entirely different fact situation. The accused was charged with possession of marihuana. The court held that appellant's possession of barbiturate was admissible as res gestae of the arrest, but that testimony as to the barbiturate's long-term effect on humans was related to a collateral matter and should not have been admitted during the *guilt-innocence phase* of the trial. The court did state, "however, we do not consider that it was of sufficient importance in the case to require a reversal." *Franklin,* 494 S.W.2d at 827.

The Austin Court in *Measeles* stated:

[t]here is not much doubt, however, but that the admission of Dr. Coons' testimony allowed the prosecution to convey to the jury the notion that *any* person guilty of delivery of methamphetamine would be a risky subject for probation. After some difficulty, this Court has concluded, finally, that evidence of the effect of methamphetamine on the human mind and body was not relevant to the assessment of appellant's punishment and its admission was error.

*Measeles,* 664 S.W.2d at 366 (emphasis in original).

We have some difficulty in following the court's reasoning that testimony as to the effect of drugs "convey[ed] to the jury the notion" a person guilty of *delivery* would be a "risky subject for probation." We disagree that the testimony is irrelevant in either a delivery case or in a possession case. In determining what is proper punishment for an offense where the range of punishment extends from ten years probated to life imprisonment, the jury should not be required to work within a vacuum, but should be allowed to consider all evidence relative to the gravity of the offense, which is not otherwise inadmissible.

Furthermore, the testimony found objectionable by the Austin Court of Appeals dealt with a psychiatrist's statements regarding the *long-term effects* of a particular drug use or abuse. Such was not the testimony complained of in the instant case. The testimony was more as to how the drugs were administered, the dosage and the *immediate effect* on the person taking the drug.

Appellant's ground of error is overruled and the judgment of the trial court is affirmed.

FENDER, C.J., dissents.

FENDER, Chief Justice, dissenting.

The majority would affirm a conviction for possession of phenmetrazine (on a plea of guilty) where two witnesses were permitted, over objection, to testify as to the manner of use and to the physical effects of use of the phenmetrazine and also of the hydromorphone contemporaneously seized but not charged in the indictment.

In *Measeles v. State,* 664 S.W.2d 364, 366 (Tex.App.—Austin 1983, no writ), the defendant was charged with delivery of methamphetamine. During the punishment phase the state introduced testimony much similar to that proferred in the instant case. The Austin court said in *Measeles:*

> There is not much doubt, however, but that the admission of Dr. Coons' testimony allowed the prosecution to convey to the jury the notion that *any* person guilty of delivery of methamphetamine would be a risky subject for probation. After some difficulty, this Court has concluded, finally, that evidence of the effect of methamphetamine on the human mind and body was not relevant to the assessment of appellant's punishment and its admission was error.

*Id.* at 366.

If the admission of such testimony was improper in a delivery case I hardly comprehend the rationale of allowing such testimony in a possession case.

The majority holds that "it is not reversible error to admit evidence of other contraband simultaneously possessed by the accused." While caselaw states that it is permissible to admit evidence of the *existence* of other "extra contraband" found along with the contraband the accused is charged with possessing, *see Williams v. State,* 535 S.W.2d 637, 639 (Tex.Crim.App. 1976), I believe the majority goes too far in holding that evidence of the *effects* of such extra contraband is admissible. In the case before us, the state was allowed to put on testimony concerning the effects of hydromorphone on users in general. Appellant was not even charged with possession of hydromorphone. I consider this testimony irrelevant and prejudicial.

I would reverse and remand.

HUGHES and ASHWORTH, JJ. (Retired, Sitting by Assignment), join.