Simmie CLEMENT, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–86–0164–CR.

Court of Appeals of Texas, Tyler.

July 31, 1987.

Nathan Holt, Longview, for appellant.

John Tunnell, Longview, for appellee.

SUMMERS, Chief Justice.

Appellant Simmie Clement was convicted of the offense of aggravated sexual assault of a child. His plea was guilty and the jury assessed his punishment at thirty years' confinement. Appellant contends on appeal that the admission of the victim's videotaped testimony pursuant to article 38.071 [1] violated his right of confrontation. We affirm the conviction.

___

1. This and all other references to articles refer to Tex.Code Crim.Proc.Ann. (Vernon Supp.1987) unless otherwise noted.

**629**

The record reflects that the State introduced, without objection, a videotaped recording of an interview of the victim, an eleven-year-old child, by a social worker made about a week after the initial complaint.

On December 19, 1986, appellant's counsel on appeal filed a frivolous brief in compliance with *Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), stating that he "finds no clear error upon which to predicate a successful appeal." One of his "arguable points," however, complained of the failure of appellant's trial counsel to object to the admission into evidence of the videotaped interview of the victim, contending that article 38.071 violates the appellant's Sixth and Fourteenth Amendment right to confrontation by his accusers and is unconstitutional. Subsequently, on February 23, 1987, appellant filed a supplemental brief further asserting that article 38.071 is unconstitutional in "providing for the videotaping of an interview of a young victim of a sex crime when no attorney for defendant is present ... and the introduction of such a videotape into evidence is fundamental error."

In the case at bar, the appellant Clement entered a plea of guilty, testified in person, and made a judicial confession of all the elements of the offense charged. A detailed written statement made by the appellant was admitted into evidence. Clement did not object at trial to the admission into evidence of the videotaped interview of the victim.

Under the recent case of *Long v. State,* No. 867–85 (Tex.Cr.App.—July 1, 1987) (not yet reported), holding article 38.071 unconstitutional, it was error for the trial court to admit into evidence the videotaped interview of the complainant. However, from our review of the entire record, including the videotaped recording, we conclude beyond a reasonable doubt that the trial court's error in admitting the videotape into evidence made no contribution to the defendant's conviction or the punishment assessed by the jury. Tex.R.App.P. 81(b)(2). Appellant's points of error are overruled.

The judgment of conviction is affirmed.

