**Jack Henry NEWMAN, a/k/a Popeye Newman, a/k/a Bull Newman, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 017–86.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 27, 1988.

Kenneth R. Poland (on appeal only), Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and William J. Delmore, III and Beth McGregor, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

The record reflects that, although present and apparently available and willing to testify during its case in chief against Jack Henry Newman, a/k/a Popeye Newman, a/k/a Bull Newman, hereinafter appellant, the child-complainant in this cause was never called by the State to testify against appellant; the State opting to use in the place of her testimony a pretrial videotape recording that was made of the complainant pursuant to the provisions of Art. 38.071, V.A.C.C.P.

The jury convicted appellant of the offense of aggravated sexual assault on the child-complainant and assessed his punishment at 40 years' confinement in the Department of Corrections. The First Court of Appeals (Houston) affirmed, rejecting,

inter alia, appellant's claim that Article 38.-071, supra, was unconstitutional because it impermissibly abridged his Sixth Amendment right to confront and cross-examine the witnesses against him. In rejecting appellant's contention, the court of appeals stated the following: "The record shows that the complainant was present in the courthouse, and that, out of the jury's presence and in response to appellant's objection to the introduction of the videotape, the court explicitly made the complainant available to the defense for confrontation and cross-examination, as required by article 38.071, sec. 2(b). However, appellant chose not to call her to the stand and therefore waived his opportunity of cross-examination ... Under these circumstances, appellant cannot successfully complain on appeal that his constitutional right of confrontation by cross-examination was impinged upon or extinguished." *Newman v. State*, 700 S.W.2d 307, 312 (Tex.App.-1st Dist.1985).

We granted appellant's petition for discretionary review in order to make the determination whether the court of appeals correctly decided appellant's contention.[1]

Since the court of appeals handed down its opinion, this Court decided *Long v. State*, 742 S.W.2d 302 (Tex.Cr.App.1987), which held that Art. 38.071, § 2, supra, unconstitutionally deprived a defendant of his right of confrontation and due process and due course of law on both federal and state grounds.

In *Long*, supra, the child-complainant did not testify during the State's case-in-chief, but did testify for the State as a rebuttal witness. Here, the child-complainant never testified at all. The State's case in chief in this cause was dependent upon the video tape recording of the child-complainant and the testimony of other witnesses, including the complainant's mother. Although given the opportunity to call and cross-examine the child-complainant, appellant chose not to do so. However, in *Long*, supra, this

Court held that forcing a defendant to call the child-complainant to testify in order to cross-examine him or her creates a risk of inflaming the jury to the extent of making the trial fundamentally unfair, and also held that such a risk violates the concept of due process of law, i.e., "it is an illogical as well as an unconstitutional scheme to place a defendant, who must be presumed not guilty until he is found guilty, in the untenable position of either requiring the child-complainant to testify and thereby run the very well risk of incurring the wrath of the jury or forego the right to invoke 'the greatest legal engine ever invented for the discovery of truth, ...—cross-examination.'" *Long*, supra.

Given what this Court stated and held in *Long*, supra, the judgment of the court of appeals is reversed and the cause remanded to the trial.

McCORMICK and WHITE, JJ., dissent.

---

1. This Court also granted review to consider appellant's contention that "The court of appeals erred in ruling that there was no reversible error in the trial court admitting evidence of an extraneous offense contained in the videotape."

Given this Court's holding that the videotape should not have been admitted into evidence at all, we find that this moots the necessity of discussing appellant's contention, and therefore will not review it.