**Edward Thomas VERELL, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–86–229–CR.**

Court of Appeals of Texas,
Fort Worth.

March 24, 1988.

Rehearing Denied May 19, 1988.

Weaver & Kassabian, and David Kassabian, Arlington, Vinson & Rake, and Timothy Vinson, Hurst, for appellant.

Tim Curry, Criminal Dist. Atty., and C. Chris Marshall and Betty Stanton, Asst. Dist. Attys., Fort Worth, for the State.

Before FENDER, C.J., and JOE SPURLOCK, II and FARRIS, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

Appellant, Edward Thomas Verell, pled guilty to the jury of the offense of aggravated sexual assault of a child under fourteen. *See* TEX.PENAL CODE ANN. sec. 22.021(a)(1)(B)(i) (Vernon Supp.1988). The jury assessed his punishment at twenty-two years in the Texas Department of Corrections plus a $10,000 fine.

We affirm.

The indictment charging appellant with the offense of aggravated sexual assault alleged that he committed the offense by inserting his finger into the vagina of the victim, J— G—. During the punishment phase of the trial, the State relied primarily on two items of evidence. One was the statement appellant made to the Euless police on the day he was arrested in which he admitted he had put his finger into J— G—'s vagina some thirty to forty times over a period of several months. The State also introduced a videotape made of the

victim in which she testified that appellant committed the offense by putting his finger in her vagina.

Appellant objected to the admission of the videotape on the grounds that it violated his right to counsel, right to a public trial, and his due process and confrontation rights under the United States and Texas Constitutions. Additionally, he objected to the manner in which the tape was going to be shown. The trial court overruled his objections, and the videotape was played at trial. Appellant also objected to the inclusion of two sentences in the excised version of his statement which was admitted at trial. The trial court also overruled this objection.

The victim did not testify at trial, but appellant did. Under cross-examination by the prosecutor, appellant agreed that everything J__ G__ said on the videotape was true.

Appellant raises four points of error on appeal. In his first point of error, appellant contends that the trial court erred by admitting into evidence the child's videotaped statement because it denied appellant his right of confrontation and cross-examination under the United States and Texas Constitutions. The State argues that appellant deliberately waived his right to cross-examine the child because he objected to the child's presence in the hallway in the view of the jury prior to the beginning of the trial.

In *Long v. State*, 742 S.W.2d 302 (Tex. Crim.App.1987), the Court of Criminal Appeals held that TEX.CODE CRIM.PROC. ANN. art. 38.071, sec. 2 (Vernon Supp. 1988) unconstitutionally deprived a defendant of his right of confrontation and due process and due course of law on both federal and state grounds. *Id.* at 323. In *Long*, the State played the child-complainant's videotape during its case-in-chief but did not call the child to testify. After the State rested its case-in-chief, the defendant took the stand and testified that the complainant's allegations were not true. The State called the child-complainant as a rebuttal witness. The defendant then cross-

examined the child-complainant. *Id.* at 304–05.

■ The State argues that *Long* is distinguishable from the case at bar because appellant was not forced to choose between his right to remain passive and his right to cross-examine the child. Instead, appellant took the deliberate affirmative action of choosing not to cross-examine the child by objecting to the child's presence in the hallway and choosing not to call the child as a witness. We disagree.

Appellant objected to the child's presence in the hallway prior to trial because he alleged the State was attempting to parade the child in front of the jury in an attempt to prejudice the jury. Moreover, in *Newman v. State*, 743 S.W.2d 641 (Tex.Crim. App.1988) the Court of Criminal Appeals held that a defendant does not waive his constitutional right of confrontation by cross-examination by choosing not to call the complainant to the stand. We hold that appellant did not waive his right of confrontation by choosing not to call the complainant to the stand. We further hold that the trial court erred in admitting the videotape into evidence because it denied appellant his right of confrontation under the United States and Texas Constitutions. *See Long v. State*, 742 S.W.2d at 323.

■ However, our inquiry does not end here. We next must determine whether the error was harmless. An error in the proceedings below requires reversal unless it is determined beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment. *See* TEX. R.APP.P. 81(b)(2), *Rose v. Clark*, 478 U.S. 570, 106 S.Ct. 3101, 3105–07, 92 L.Ed.2d 460 (1986); *Clay v. State*, 518 S.W.2d 550, 553 (Tex.Crim.App.1975). The State argues that the error was harmless beyond a reasonable doubt because appellant pled guilty to the offense, admitted in his confession that he had put his finger into J__ G__'s vagina some thirty to forty times over a period of several months, and he testified during the trial that everything J__ G__ said on the videotape was true. We agree with the State that under the

circumstances of this case, any error of the court resulted in no harm to appellant.

■ In appellant's confession, he stated that he initially put his finger in J— G—'s vagina because she pushed his hand down onto her vagina and pushed his finger into her vagina. However, when appellant testified at trial, he stated that those statements he previously made were false. He testified in an attempt to mitigate his punishment after a plea of guilty, but did not rebut, deny, contradict, or impeach the videotape testimony. If a defendant, in testifying, admits or confirms the truth of facts or evidence to which he earlier objected, he waives his right to challenge the admissibility of the evidence under the doctrine of curative admissibility. *See Maynard v. State,* 685 S.W.2d 60, 65 (Tex.Crim.App. 1985). However, a defendant does not waive his right to challenge the admissibility of evidence if he sought to meet, destroy, or explain it by the introduction of rebutting evidence. *Id.*

We find that appellant did not seek to meet, destroy, or explain the videotaped testimony when he took the stand to testify. To the contrary, appellant admitted that everything said in the videotape was true. The only evidence he sought to explain away was the statement in *his confession* that "J— G— initiated the contact," but he admitted at trial that the statement was false. We hold that appellant waived his objection to the admission of the videotape testimony when he took the stand and admitted that all the statements were true in the videotape and did not attempt to refute, deny, contradict, or explain the testimony. In addition, we conclude beyond a reasonable doubt that the trial court's error in admitting the videotape into evidence made no contribution to appellant's conviction or the punishment assessed by the jury. *See Clement v. State,* 735 S.W.2d 628, 629 (Tex.App.—Tyler 1987, no pet.). We overrule point of error one.

■ In point of error two, appellant argues that the trial court erred in the method and manner in which it allowed the jury to view the videotape statement. Before showing the videotape, appellant and the State agreed to omit certain portions of the tape referring to an extraneous offense against a neighbor's daughter. At pre-trial, appellant requested that the tape be edited so that the jury would not see the portions of the tape which the parties agreed or the court ruled would be omitted. At trial, the court sent the jury out of the courtroom without explanation each time an objectionable portion of the tape was reached. Then the tape was fast-forwarded to the next admissible portion, and the jury was returned to the courtroom to continue viewing the tape.

Appellant did not object to the trial court's proposed action at pretrial. Appellant's trial objection to the manner in which the videotape was shown to the jury was on the grounds that he did not want the jury to be able to see the odometer on the videotape machine. The court noted that the odometer on the videotape machine was not visible to the jury. Appellant also complained that the electronic "overlay" showing the time of day and the date of the making of the videotape which was visible to the jury enabled the jury to know that there were omitted sections of the tape which caused the jury to infer that appellant had committed extraneous offenses. We disagree that the jury would have inferred anything. Appellant's specific complaint had no possibility of correction, and was only made near the conclusion of the showing to the jury. We hold the objection was not sufficient to complain of the trial court's method of presentation, and was made too late. Thus, nothing is presented for our review. *See* TEX.R.CRIM.EVID. 103; *Cisneros v. State,* 692 S.W.2d 78, 82 (Tex.Crim.App.1985). We overrule point of error number two.

■ Appellant alleges in his third point of error that the trial court erred in admitting into evidence *a hearsay statement* contained in appellant's confession. At the motion in limine hearing, appellant asked the trial court to delete the following sentences from his confession:

Patty said that Linda, my wife, had talked to J—, my ten-year-old stepdaugh-

ter, and J— had told them that I had raped her. I denied the accusation.

At the motion in limine hearing, the two defense attorneys made the following objections to the inclusion of the sentences above in the confession:

> MR. VINSON: Your Honor, I object to that on two bases. One, it contains an accusation by Patty stating that he had raped his daughter, J—. I don't believe that there's anything in issue here that she had....

> MR. KASSABIAN: J— is the girl in this case, and these are accusations about—

Mr. Vinson later during the hearing made a general objection to the sentences being included in the confession, but he did not state the grounds of his objection.

The court allowed the statement to remain in the confession. When the confession was offered into evidence by the State at trial, the court asked the defense attorneys if they had any other objections to the confession other than the objections they had previously made. The defense attorneys stated they had no other objections. It appears that appellant objected to the statement contained in the confession on the grounds that it was irrelevant or about an extraneous offense. No objection was made to the statement on the grounds that it was hearsay. Appellant's contention on appeal does not comport with his objection at trial. The issue is not preserved for our review. *See Nethery v. State,* 692 S.W.2d 686, 710 (Tex.Crim.App.1985), *cert. denied,* 474 U.S. 1110, 106 S.Ct. 897, 88 L.Ed.2d 931 (1986); *Cravens v. State,* 687 S.W.2d 748, 752 (Tex.Crim.App.1985). Further, appellant's general objection to the statements in the confession was not sufficient to preserve error. *See Aliff v. State,* 627 S.W.2d 166, 172 (Tex.Crim.App.1982). We overrule appellant's third point of error.

■ In his fourth point of error, appellant complains that the trial court erred by allowing the jury to view a copy of his confession which had obvious excisions (i.e., whited-out portions on the pages). Appellant claims that the obvious excisions allowed the jury to speculate about extra-

neous matters and deprived him of a fair trial. At the motion in limine hearing, appellant had requested that certain portions of his confession be deleted before it was submitted to the jury. The prosecutor proposed that a copy of appellant's confession should be published to the jury with the inadmissible portions whited-out. Appellant objected and requested that the confession be retyped before publishing it to the jury to prevent the jury from speculating as to extraneous offenses. The court overruled his objection.

■ We have found no cases which hold that the trial court is required to have a confession retyped before submitting it to the jury. This court is familiar with trial court practices of simply whiting-out offending portions, and we can see no actual harm to appellant from this practice. Speculative concerns about the jury's conclusions are unfounded. We hold the trial court is not required to have the confession retyped prior to its exhibition to the jury when there are whited-out statements in the confession. Appellant has shown us no Texas authority holding otherwise. *See Martinez v. State,* 138 Tex.Cr.R. 51, 134 S.W.2d 276, 277 (1939, holding approved); *see also Harrington v. State,* 547 S.W.2d 616, 621 (Tex.Crim.App.1977). We note that in *Martinez,* the Court of Criminal Appeals approved the Commission's suggestion of taping over an offending portion of a statement containing information on extraneous offenses. There, the practice would have prevented a reversal, *Martinez,* 134 S.W.2d at 277. We overrule appellant's fourth point of error.

We affirm.

FARRIS, Justice, dissenting.

I dissent with the majority's disposition of appellant's first point of error for the reason stated in the dissenting opinion in *Clark v. State,* 728 S.W.2d 484, 489–90 (Tex.App.—Fort Worth 1987, pet. vacated) and in agreement with the rationale expressed in the majority opinion in *Long v. State,* 742 S.W.2d 302 (Tex.Crim.App.1987)

and I would reverse and remand for new trial.