Richard AMESCUA, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–85–00482–CR.

Court of Appeals of Texas,
San Antonio.

May 31, 1988.

Alwin E. Pape, Jr., Seguin, for appellant.

W.C. Kirkendall, Seguin, for appellee.

Before ESQUIVEL, DIAL and CHAPA, JJ.

## OPINION

ESQUIVEL, Justice.

This case is on remand from the Court of Criminal Appeals. In our original opinion on the appeal from a conviction of indecency with a child, we affirmed the judgment. *Amescua v. State*, 723 S.W.2d 266 (Tex. App.—San Antonio 1986). The Court of Criminal Appeals granted appellant's petition for discretionary review and remanded this case to us for reconsideration of appellant's points of error relating to the constitutionality of TEX.CODE CRIM.PROC. ANN. art. 38.071, § 2 (Vernon Supp.1988), in light of *Long v. State*, 742 S.W.2d 302 (Tex.Crim.App.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 1301, 99 L.Ed.2d 511 (1988). On remand, we reverse.

Appellant contends in his fourth point of error that as a result of the videotaped testimony of the child-complainant, appellant was denied the right to confront the witness.

In our original opinion we declined to follow *Long v. State*, 694 S.W.2d 185 (Tex. App.—Dallas 1985). Since we handed down our opinion, the Court of Criminal Appeals decided *Long v. State*, 742 S.W.2d 302 (Tex.Crim.App.1987) which held that Art. 38.071, § 2 unconstitutionally deprived the defendant of his right of confrontation and due process and due course of law on both federal and state grounds.

Accordingly, we sustain appellant's fourth point of error. Appellant was not afforded the opportunity to cross-examine the child contemporaneous with the making of the videotape. *See Long v. State*, 742 S.W.2d at 319. Additionally, appellant had to call the child to testify in order to cross-examine her, thereby running the very real risk of incurring the wrath of the jury and inflaming the jury to the extent of making the trial fundamentally unfair. *See Newman v. State*, 743 S.W.2d 641, 642 (Tex. Crim.App.1988); *Long v. State*, 742 S.W.2d at 320. We cannot conclude beyond a reasonable doubt that the error made no contribution to the conviction. TEX.R.APP.P. 81(b)(2).

The judgment of conviction is reversed, and this cause remanded for a new trial.