**Ronnie Mack LAWSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1142–85.**

Court of Criminal Appeals of Texas, En Banc.

June 15, 1988.

**566**

Joan E. Scroggins, Caldwell, for appellant.

Charles J. Sebesta, Jr., Dist. Atty., Caldwell, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW

DUNCAN, Judge.

The appellant was convicted by a jury of aggravated sexual assault and punishment was assessed by the jury at life in the penitentiary and a $10,000 fine.

The testimony of the child victim was introduced into evidence through a videotaped interview with the victim, as then authorized by Art. 38.071, § 2, V.A.C.C.P.

In his appeal to the court of appeals, the appellant claimed, *inter alia,* that the videotape was made after the proceedings began, that it was admitted without the court first examining the child to determine the child's competency as a witness, that the court erred when it would not permit the appellant to cross-examine the child witness during the State's case-in-chief, and that Art. 38.071, § 2, V.A.C.C.P., was an unconstitutional violation of the appellant's right of confrontation under the Sixth Amendment to the United States Constitution and Art. I, § 10 of the Texas Constitution.

The court of appeals, without performing a harm analysis, reversed the appellant's conviction concluding that the videotape was made after the proceedings had begun contrary to Art. 38.071, § 2, *supra,* that it was error not to inquire as to the competency of the child, and the trial court also committed error in refusing to allow the appellant to cross-examine the witness during the State's case-in-chief. *Lawson v. State,* 697 S.W.2d 803 (Tex.App.—Houston [1st] 1985) *pet. granted.* However, the court of appeals considered it unnecessary to review the appellant's claim that the statute was unconstitutional.

We granted the State's petitions for discretionary review to, in part, determine the meaning of "before the proceedings begins" in Art. 38.071, § 2, *supra.*

While the State's petitions for discretionary review were pending, this Court decided *Long v. State,* 742 S.W.2d 302 (Tex.Cr. App.1987), *cert. denied,* — U.S. ——, 108 S.Ct. 1301, 99 L.Ed.2d 511 (43 CrL 4001, April 6, 1988). In *Long, supra,* we concluded that Art. 38.071, § 2, *supra,* constituted an unconstitutional infringement upon a defendant's right of confrontation as secured by the Sixth Amendment to the United States Constitution and Art. I, § 10 of the Texas Constitution.

In *Mallory v. State,* 752 S.W.2d 566 (Tex. Cr.App.1988), we concluded that a harmless error analysis as required by Rule 81(b)(2) *Tex.R.App.Pro.,* is applicable to an error of this nature. Therefore, the court of appeals' judgment is vacated and the case is remanded to the court of appeals to consider the appellant's remaining grounds of error and be reviewed in light of *Long v. State, supra,* and Rule 81(b)(2) *Tex.R.App. Pro.* See: *Mallory v. State, supra.*

McCORMICK, J., concurs.

ONION, P.J., and TEAGUE, J., dissent to the remand.