**Ronnie Mack LAWSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–85–00186–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 25, 1988.

Joan E. Scroggins, Scroggins & Scroggins, Caldwell, for appellant.

Charles J. Sebesta, Dist. Atty., for the State.

Before EVANS, C.J., and SAM BASS and DUNN, JJ.

## OPINION ON REMAND FROM THE COURT OF CRIMINAL APPEALS

SAM BASS, Justice.

The Court of Criminal Appeals, 752 S.W. 2d 565, has reversed and vacated our judgment reversing and remanding appellant's conviction because of their decision in *Long v. State*, 742 S.W.2d 302 (Tex.Crim.App. 1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 1301, 99 L.Ed.2d 511 (1988). In *Long*, the court concluded that Tex.Code Crim.P.Ann. art. 38.071 (Vernon Supp.1988), the statute allowing the admission of videotape testimony of child victims in sexual assault cases, constituted an unconstitutional infringement on a defendant's right of confrontation as secured by U.S. Const. amend. VI and Tex. Const. art. I, sec. 10. The court has ordered us to address this error under the harmless error analysis set forth in Tex.R.App.P. 81(b)(2). *See Mallory v. State*, 752 S.W.2d 566 (Tex.Crim.App. 1988).

A jury found appellant guilty of aggravated sexual assault and assessed his punishment at confinement for life and $10,000 fine.

Appellant's first seven points of error deal with the trial court's erroneous admis-

sion of the videotape. We must determine whether the trial court's error in admitting the videotape contributed, beyond a reasonable doubt, to appellant's conviction or punishment. Tex.R.App.P. 81(b)(2).

The record reflects that Jo Ann Carey left her four-year-old daughter at appellant's mother's house while she worked at Brenham State School. On March 9, 1984, Carey picked up her daughter after work, and was informed by Teresa Ann Lawson, appellant's sister, that S.__ A.__ C.__ was ill with diarrhea. Carey took her daughter home and remained there until 9:30 p.m. She then took her to Karel Hill's house while she went to a local icehouse to borrow some money. While there, Carey drank beer with appellant and his brother. She returned home around 10:00 p.m. When S.__ A.__ C.__ asked her mother for soup, Carey padlocked her inside the house, and at approximately 10:45, left to go to the U–Totem store. When Carey returned at 11:04 p.m., she saw the back door open, and S.__ A.__ C.__ lying on the bed. The child told her that Frank and Ronnie, the appellant and his brother, had hurt her.

Dr. Sam Roberts, II, testified that the child had injuries between the rectum and vagina. He stated that the abrasions and redness around the interior and exterior of the anus indicated that a blunt object had penetrated the anus. There was no evidence of sperm, but he testified that the child's diarrhea could have washed it away.

The videotape of the child was admitted into evidence. In the tape, the child identified line-up photos of appellant and his brother and answered questions by Officer Glenda Johnson, establishing the elements of the offense. The child did not take the stand during the trial.

Aldonia Gilbert, testifying for the defense, stated that Jo Ann Carey came over to her house looking for her son, Charles Gilbert, at around 11:00 p.m. Linda Lauderdale testified that she saw Carey with appellant and his brother at the icehouse drinking beer, but that she did not know when they left. Karel Hill stated that she never babysat S.__ A.__ C.__ on March 9, 1984. She testified that appellant was at

J.B.'s lounge when she left at 11:30 p.m., and that Jo Ann Carey came in around 11:00 p.m. and was also still there at 11:30 p.m. Teresa Ann Lawson testified that appellant lived with her and her five daughters and that he often babysat for them and S.__ A.__ C.__. She stated that she left her house at 11:05 p.m. to go to Bryan, Texas, and left appellant to watch the house. She testified that she decided not to go to Bryan, and when she returned at 11:30 p.m., he was still at the house.

The trial court erred in admitting the videotape of the child into evidence because it violated appellant's right of confrontation. *Long v. State,* 742 S.W.2d at 323. An error requires reversal unless this Court determines beyond a reasonable doubt that it made no contribution to the conviction or punishment. Tex.R.App.P. 81(b)(2). Where there has been a plea of guilty, courts have found the admission of the videotape to be harmless. *See Verrell v. State,* 749 S.W.2d 197 (Tex.App.—Fort Worth 1988, no pet.); *Clement v. State,* 735 S.W.2d 628 (Tex.App.—Tyler 1987, no pet.). Likewise, the error can also be harmless if the child is produced in court and is subject to cross-examination. *See Lighter v. State,* 741 S.W.2d 568 (Tex.App. —Beaumont 1987, no pet.).

In the instant case, appellant pleaded not guilty, and the child was never produced in court for cross-examination. The videotape was the only State evidence that established the elements of aggravated sexual assault. Although several defense witnesses were impeached, we cannot say, beyond a reasonable doubt, that the videotape made no contribution to appellant's conviction.

Point of error seven, asserting denial of the right of confrontation, is sustained. We need not address points one through six, which also deal with the admission of the videotape.

In point of error eight, appellant contends that the evidence is insufficient to establish his guilt.

When reviewing the sufficiency of the evidence, all evidence, both proper and improper, must be considered. *Collins v.*

*State,* 602 S.W.2d 537, 539 (Tex.Crim.App. 1980). Although the videotape was erroneously admitted, it must still be considered in determining the sufficiency of the evidence to sustain the conviction. *See Adams v. State,* 639 S.W.2d 942, 943 (Tex. Crim.App.1982) (per curiam). After viewing all of the evidence in the light most favorable to the jury's verdict, we find the evidence sufficient to establish the elements of the offense.

Because of our holding that the videotape was erroneously admitted into evidence and that its admission contributed to appellant's conviction, the judgment of the trial court is reversed, and the cause is remanded to the trial court.