LANDIS HOOTEN v. THE STATE.

No. 13838. Delivered December 17, 1930.

. The opinion states the case.

*David L. Broadus,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Robbery is the offense; penalty, confinement in the penitentiary for a period of twenty-two years.

In a joint indictment, J. P. Slay and Landis Hooten were charged with robbery. There was a severance.

The evidence of the State comes from L. W. Currie, Sr., and L. W. Currie, Jr., who were inmates of the A. & P. Store at the time the robbery took place. Each of them testified upon the trial that the appellant, using firearms and putting them in fear of death, committed the robbery, and took from the possession of L. W. Currie, Sr., such money as he had, amounting to two dollars.

The appellant testified in his own behalf and introduced witnesses supporting his theory of alibi. The controverted issues were submitted to the jury in the charge of the court against which no objections are addressed.

There is a bill of exception which reads as follows:

"Be it remembered that on the —— day of May, A. D., 1930, the above entitled and numbered cause came on for trial, and that in the course of the trial of said cause, the State of Texas in offering its rebuttal testimony presented Miss Beatrice Lynn as a witness, who testified over the objection of the defendant, that defendant was the party who had entered Barnes' Grocery on the morning of March 18th, 1930, and held her up and robbed her of $92.00, and the robbery of the Barnes' Grocery was a wholly distinct crime, for which defendant had already been tried and convicted, *and defendant objected to the introduction of said testimony on the ground that same was incompetent and inadmissible in that it had no bearing on the case at bar, but only tends to prejudice the defendant's rights, and the defendant further objected to said testimony on the ground that same was not proper rebuttal testimony, all of*

*said objections was by the court overruled and said testimony admitted,* to which action of the court the defendant then and there excepted and tenders this bill of exception and asks that same be signed, and filed as a part of the record in this cause."

The record is peculiar in that the statement of facts fails to show that Miss Beatrice Lynn was introduced as a witness or that the testimony mentioned in the bill was given. This court, however, is bound by the bill, and if it reveals material error, the court's action would have to be based thereon. The part of the copied bill which is italicized states merely the grounds of objection. To require consideration and to authorize action by this court adverse to the judgment of conviction, it is essential that the bill of exception show prejudicial error. See Texas Jur., vol. 4, p. 293, sec. 206.

There are exceptions to the rule of evidence which precludes the introduction of proof of extraneous crimes. Proof that one has been indicted for an an extraneous crime not too remote has often been declared by this court as proper impeaching testimony, whether the witness be the accused or another. Proof of extraneous crimes has frequently been received on the question of identity and motive. The bill of exception under consideration fails to show facts from which this court can determine whether the evidence of which complaint is made was relevant under some of the general exceptions to the rule excluding extraneous crimes or under some phase of the case arising in the development of the evidence upon the trial. The fact that the appellant became a witness in his own behalf rendered competent proof of his indictment and conviction of another offense. It did not, however, authorize proof of the details or circumstances attending the previous offense. As stated above, it may be that such details might become admissible, due to the manner in which the evidence was shaped upon the trial. The bill of exceptions failing to exclude the idea that the evidence heard did become admissible under some phase of the case, was not sufficient to justify this court in overturning the verdict. See Texas Jur., vol. 4, p. 290, sec. 205.

The judgment and sentence, as they appear in the record, fail to give effect to the Indeterminate Sentence Law (Code Cr. Proc. 1925, Art. 775), by the terms of which the judgment and sentence should order the confinement of the appellant in the State penitentiary for a period of not less than five nor more than twenty-two years. In that particular the record is reformed. In the mandate issued by this court note will be taken that the term of confinement of the appellant shall be not less than five nor more than twenty-two years, and as so corrected, the judgment is affirmed. See Article 847, C. C. P., 1925.

*Reformed and affirmed.*