# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
September 6, 2001 Session

## ARTHUR BLAIR v. MARILYN BADENHOPE

**Appeal by Permission from the Court of Appeals, Eastern Section**
**Chancery Court for Greene County**
**No. 93-101     Thomas R. Frierson II, Chancellor**

---

**No. E1999-02748-SC-R11-CV - Filed May 3, 2002**

---

FRANK F. DROWOTA, III, C.J., concurring and dissenting.

I fully agree with the majority's conclusion that a natural parent cannot generally invoke the doctrine of superior parental rights to modify a valid order of custody, even when that order resulted from the natural parent's voluntary relinquishment of custody to the non-parent. I also agree with the majority's conclusion that, in such circumstances, a natural parent seeking to modify custody must show that a material change in circumstances has occurred, which makes a change in custody in the child's best interests. I disagree, however, with the majority's conclusion that Blair has failed to show a material change of circumstances in this case. The factors in the record supporting this conclusion are succinctly summarized in Justice Birch's dissenting opinion as follows:

> When Blair originally agreed to surrender custody of Joy to Badenhope, his relationship with his daughter was uncertain and had only begun. Indeed, he apparently did not even see Joy until after her mother's death. But in the many years that have passed since that time, Blair has expended great effort to create a strong, loving bond with his daughter. That bond has flourished to such a degree that Joy now has expressed an interest in living with Blair. Additionally, Blair has moved to Tennessee to be nearer to Joy,[footnote omitted] and he has purchased a new home in a neighborhood where Joy has many friends. Blair's relationship with his daughter, his daughter's interest in living with him, and even his place of residence have changed entirely.

Having concluded that the record establishes a material change in circumstances, I would remand this case to the trial court to determine whether or not transferring custody to Blair is in the child's bests interests. In my view, a remand is appropriate to give the trial court the opportunity to make this fact intensive determination using the proper legal standard. Remanding to allow the trial court to apply the correct legal standard also is consistent with this

Court's prior practice in cases which have adopted or refined legal standards that govern fact-specific inquiries.  See, e.g., Memphis Housing Authority v. Thompson, 38 S.W.3d 504, 505 (Tenn. 2001); Harris v. Chern, 33 S.W.2d 741, 742 (Tenn. 2000); Logan v. Winstead, 23 S.W.3d 297, 303 (Tenn. 2000); State v. Anderson, 937 S.W.2d 851, 855(Tenn. 1996); State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995).  Consequently, I would remand this case and allow the trial court to determine whether or not custody should be transferred to Blair.

_____
Frank F. Drowota, III, Chief Justice