# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 19, 2013 Session

## BETTY BAXTER  v. HERITAGE BANK & TRUST, and PROCTOR FINANCIAL INSURANCE CORPORATION, INC.

**Appeal from the Chancery Court for Williamson County**
**No. 39535      Timothy L. Easter, Judge**

---

**No. M2012-02689-COA-R3-CV- Filed March 19, 2014**

---

Homeowner sued Bank, alleging that it had settled her claim for damages to her house with Insurance Company without her consent.  Bank served discovery on Homeowner, and when Homeowner did not comply with discovery requests to Bank's satisfaction, Bank moved to dismiss Homeowner's claims.   Trial court granted Bank's motion to dismiss, and Homeowner moved to set aside the dismissal pursuant to Rule 59.   Trial court denied Homeowner's motion to set aside, and Homeowner appealed.  We reverse the trial court's judgment denying Homeowner's motion to set aside because (1) the scheduling order included a deadline for completing discovery that had not yet passed and (2) there was insufficient evidence of wrongdoing by Homeowner or her attorney.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT, and RICHARD H. DINKINS, JJ., joined.

John A. Bell, Jr., Nashville, Tennessee, for the appellant, Betty Baxter.

Michael Gregory Derrick, Memphis, Tennessee, and Robert W. Briley, Nashville, Tennessee, for the appellee, Heritage Bank & Trust.

### OPINION

### I. BACKGROUND

Betty Baxter filed a Complaint against Heritage Bank & Trust (the "Bank") and against Proctor Financial Insurance Corporation, Inc. ("Proctor"), in which she alleged she

owns a house in Franklin that suffered damage from the flood of 2010. She alleged that the Bank holds a promissory note and Deed of Trust on her property and that Proctor issued her a flood insurance policy prior to the flood that damaged her house. Ms. Baxter alleges she spoke with an adjuster from Proctor, who told her it would be some time before he could address her claim.

Ms. Baxter alleges Proctor offered to settle her claim for $14,017 and that the Bank accepted Proctor's offer without her consent. According to Ms. Baxter, the Bank applied the settlement amount to the outstanding principal amount of her loan, also without her consent, rather than allowing Ms. Baxter to use the money to fix the damages to her house. Ms. Baxter's claims against the Bank and Proctor included breach of fiduciary duty, breach of contract, negligence, misrepresentation, and violation of the Tennessee Consumer Protection Act. Ms. Baxter sought compensatory and consequential damages in addition to treble damages and attorney's fees pursuant to the Tennessee Consumer Protection Act.

The Bank filed an Answer to Ms. Baxter's Complaint on May 13 and served Interrogatories and Requests for Production of Documents on Ms. Baxter on August 19, 2011.[1] The Bank filed a Motion to Compel Discovery on January19, 2012, alleging Ms. Baxter had not responded to the Bank's discovery requests. The trial court entered an Agreed Order on February 6 in which the parties agreed Ms. Baxter would have an extension of time, until February 13, to submit responses to the Bank's discovery requests.

Five months later, on September 4, the Bank filed a motion to dismiss pursuant to Tennessee Rule of Civil Procedure 37.02 based on Ms. Baxter's failure to complete her production of discovery in accordance with the Agreed Order dating from February. In its motion, the Bank admitted Ms. Baxter "submitted partial and unsigned discovery responses via electronic correspondence on February 13, 2012." The Bank argued the court should dismiss Ms. Baxter's Complaint because she had not fully complied with all of its requests.

Before the Bank's motion to dismiss was heard, the parties agreed to, and the trial court entered, a Rule 16 Scheduling Order on September 26, 2012. Among other dates, the court set December 10, 2012 as the deadline for document production, December 12, 2012 as the deadline for interrogatories, and February 5, 2013 as the deadline for completing all discovery.

The trial court held a hearing on October 22, 2012, to consider the Bank's motion to dismiss. Ms. Baxter's attorney did not appear at the hearing. After waiting three hours to

[1]Counsel informed the Court during oral argument that Proctor has settled Ms. Baxter's claims against it, so Proctor is not a party to this appeal.

give Ms. Baxter's attorney the opportunity either to appear before it or inform the court of his whereabouts, the trial court orally granted the Bank's motion and dismissed Ms. Baxter's claims against it. The court later issued an Order in which it wrote:

The Defendant's Motion to Dismiss seeks the dismissal of the Plaintiff's action against it for the Plaintiff's failure to comply with this Court's Order of February 6, 2012, which ordered the Plaintiff to provide responses to the Defendant's written discovery requests no later than February 13, 2012. The Defendant's Motion to Dismiss contends that the Plaintiff has either failed or refused since then to provide complete responses notwithstanding multiple requests by the Defendant.

Counsel for the Plaintiff failed to respond to the Defendant's Motion to Dismiss in writing, and at the scheduled hearing of this matter, counsel for the Plaintiff failed to appear. After waiting nearly three hours for counsel for the Plaintiff to appear in person or otherwise acknowledge the Motion to Dismiss of the Defendant in any way, the Court is of the opinion that the Motion is well-taken and should be GRANTED.

Ms. Baxter filed a motion to set aside the trial court's Order ten days following the hearing on the Bank's motion to dismiss. Ms. Baxter argued the Order should be set aside based on the excusable neglect of her attorney. According to the motion, Ms. Baxter's attorney had another hearing in a different county the morning of October 22, and he experienced car trouble *en route*. Ms. Baxter's attorney did not have his cell phone with him on the day of the hearing and could not respond to phone calls from the court when it tried to contact him. Ms. Baxter pointed out that she had responded to the Bank's discovery and that the Bank would not be prejudiced by the court's setting aside its earlier Order dismissing her claims:

The Defendant is not prejudiced if the Court grants this Motion. The Plaintiff has responded to the Defendant's discovery. The Defendant however, claims that it is insufficient. The Plaintiff is willing to work on any insufficiencies the Defendant perceives, however, the Plaintiff believed that the Scheduling Order signed by the Defendant and this Court set forth a schedule for when interrogatories and production of documents were to be received.

The Plaintiff has reason to believe she may prevail in this matter. The Defendant was a named insured on the property owned by the Plaintiff and received proceeds from a flood insurance policy and then failed to apply those

funds to the repair of Plaintiff's property.

The trial court denied Ms. Baxter's motion, stating:

> The Court finds that the reasons offered by counsel for the Plaintiff for his failure to attend the hearing of October 22, 2012, do not amount to excusable neglect. Plaintiff's counsel had apparently scheduled a hearing in another county that morning, then had car trouble and did not have his phone with him. While the Court and counsel for the Defendants waited for nearly three hours, Plaintiff's counsel made no effort at all to contact the Court. Furthermore, even if he had appeared in Court on October 22, 2012, Plaintiff's counsel had not filed anything opposing the Motion to Dismiss of Heritage. Accordingly, the Court finds it to be unlikely that the Plaintiff would have prevailed against that Motion. Finally, the Court finds that setting aside the Order dismissing the Plaintiff's cause of action would clearly prejudice the Defendant.

## II. ANALYSIS

Ms. Baxter appeals both the Order granting the Bank's motion to dismiss and the Order denying her motion to set aside. We think the determinative issue is whether the trial court should have granted her motion to set aside the earlier dismissal.[2]

Ms. Baxter filed the motion to set aside pursuant to Tennessee Rule of Civil Procedure 60.02. However, Tenn. R. Civ. P. 60.02 applies to motions filed more than thirty days after a judgment has been entered. Motions for relief from a final judgment that are filed within thirty days after the judgment is entered should be filed pursuant to Rule 59. *Discover Bank v. Morgan*, 363 S.W.3d 479, 489 (Tenn. 2012). Because Ms. Baxter's motion to set aside was filed within thirty days of the date when the trial court granted the Bank's motion to dismiss, we will treat Ms. Baxter's motion as if it were filed pursuant to Rule 59. *See Discover Bank*, 363 S.W.3d at 490 n.20 (Tennessee courts judge motions substantively rather than based on their forms); *Ferguson v. Brown*, 291 S.W.3d 381, 387 (Tenn. Ct. App. 2008) (courts are not bound by titles and will treat filings according to relief being sought).

Rule 59.04 authorizes a party to seek relief from a final judgment by asking the trial court to alter or amend the judgment. The rule itself does not enumerate the grounds for such a motion; it simply allows the filing of a "motion to alter or amend a judgment" and

---

[2]Although we do not rule on the dismissal, it appears to us that the court was justified in believing, at the time of the hearing on the motion to dismiss, that Ms. Baxter did not oppose the motion.

establishes a deadline.[3]  However, our courts have described the function of a motion to alter or amend.

"The purpose of a Rule 59.04 motion to alter or amend a judgment is to provide the trial court with an opportunity to correct errors before the judgment becomes final." *In re M.L.D.*, 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005); *Bradley v. McLeod*, 984 S.W.2d 929, 933 (Tenn. Ct. App.1998).  Such a motion "permits the trial court to revisit and rectify errors that were made when the court overlooked or failed to consider certain matters." *Morrison v. Morrison*, 2002 WL 31423848, at *2 (Tenn. Ct. App. Oct. 29, 2002). The rule affords litigants "a limited opportunity to readdress previously determined issues and afford trial courts an opportunity to revisit and reverse their own decisions." *Harris v. Chern*, 33 S.W.2d 741, 744 (Tenn. 2000).

A Rule 59.04 should be granted for one of three reasons:  (1) controlling law changed before the judgment becomes final; (2) when previously unavailable evidence becomes available; or (3) to correct a clear error of law or to prevent injustice. *Chambliss v. Stohler*, 124 S.W.3d 116 (Tenn. Ct. App. 2003); *In re M.L.D.*, 182 S.W.3d at 895.  Thus, such a motion is to be granted "when, for sui generis reasons, a judgment should be amended to correct a clear error of law or to prevent injustice." *Whalum v. Marshall*, 224 S.W.3d 169, 175 (Tenn. Ct. App. 2006) (quoting *Bradley v. McLeod*, 984 S.W.2d at 933).  Grounds for relief under Rule 59.04 clearly include preventing injustice. *Bradley,* 984 S.W.2d at 933.

We review the trial court's judgment denying Ms. Baxter's motion to set aside under an abuse of discretion standard.  *Discover Bank*, 363 S.W.3d at 487; *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003);  *Ferguson*, 291 S.W.3d at 386.  We are not permitted to substitute our judgment for that of the trial court, but we must determine whether the trial applied an incorrect legal standard, reached an illogical decision, or reached a decision that caused Ms. Baxter to suffer an injustice.  *Discover Bank*, 363 S.W.3d at 487.

---

[3] In comparison, Rule 60.02 provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

In its decision denying Ms. Baxter's motion to set aside, the trial court reiterated its reasons for granting the Bank's motion to dismiss. The court found that Ms. Baxter's attorney (1) neglected to file a response to the Bank's motion to dismiss, (2) failed to appear at the hearing set to address the Bank's motion to dismiss, and (3) could not be reached when the court attempted to contact him to find out why he was not in court for the hearing. These reasons explain the court's decision to grant the Bank's motion to dismiss, but they do not explain the court's decision to deny Ms. Baxter's motion to set aside.

The only reference by the trial court to the issues surrounding the parties' discovery dispute is its statement, "The Court observes that this discovery dispute has been ongoing for nearly a year and a half, and that this is not the first time the Plaintiff's dilatory conduct has been brought before the Court." The record does not reflect, however, whether the court considered the discovery Ms. Baxter had already produced by that time or examined the merits of the Bank's complaints about the items that had been produced.

According to the Bank's motion, the Bank moved to dismiss Ms. Baxter's claims against it because Ms. Baxter had not fully complied with the court's Order from February 2012 requiring Ms. Baxter to submit responses to the Bank's interrogatories and document requests by February 13, 2012. The Bank explained that "Plaintiff submitted partial and unsigned discovery responses via electronic correspondence on February 13, 2012." The Bank thus acknowledged that Ms. Baxter had partially complied. The Bank complained only that she had not fully complied. Nothing in the record before us explains in any detail the deficiencies the Bank alleged.

More importantly for purposes of the standards applicable to Tenn. R. Civ. P. 59.04, the trial court did not in its order address the other assertion in Ms. Baxter's motion to set aside: that the existing scheduling order, revising the original order, extended the deadline for discovery. In other words, Ms. Baxter asserted that since the parties had extended the discovery deadline, there was no failure to timely produce additional discovery.

The record shows that after the Bank's motion to dismiss was filed, but before it was heard, the parties agreed to, and the trial court entered, a Rule 16 Scheduling Order on September 26, 2012. In particular, the court set December 10, 2012, as the deadline for document production, December 12, 2012, as the deadline for interrogatories, and February 5, 2013, as the deadline for completing all discovery.

Thus, the scheduling order that was in effect on the date of the hearing on the Bank's motion to dismiss (October 22, 2012) included a deadline of February 5, 2013, for all discovery to be completed. As of the date of the hearing and the dismissal, that date had not yet passed.

While Ms Baxter did not respond to the Bank's motion to dismiss, her motion to set aside pointed out that the discovery deadlines in the current scheduling order had not yet passed. They had not passed when the case was dismissed or when her motion was filed.[4] Thus, the original scheduling order had been amended in such a way as to remove the basis for the motion to dismiss. It appears to us that this is the type of oversight that Rule 59.04 is designed to cure. Once the amended scheduling order was brought to the attention of the trial court, the court's dismissal for failure to comply with discovery orders should have been set aside in order to correct a clear error or to prevent injustice.

Courts prefer cases to be decided on their merits rather than be dismissed for procedural reasons. When there is a reasonable doubt about whether a judgment dismissing a case should be set aside, a court should exercise its discretion to set the dismissal aside to permit the case to be decided on its merits. *Discover Bank*, 363 S.W.3d at 490 n.20; *Keck v. Nationwide Systems, Inc*., 499 S.W.2d 266, 267 (Tenn. Ct. App. 1973). We do not condone the inattention of Ms. Baxter's attorney, and there are other remedies for failing to comply with discovery.

For all of the reasons set forth above, we reverse the trial court's judgment denying Ms. Baxter's motion to set aside its Order granting the Bank's motion to dismiss.

### III. CONCLUSION

The trial court's Order dated December 17, 2012, denying Ms. Baxter's motion to set aside, is reversed, and the case is remanded for further proceedings. Costs of this appeal shall be taxed to the appellee, Heritage Bank & Trust, for which execution shall issue, if necessary.

_____
PATRICIA J. COTTRELL, JUDGE

---

[4]The record does not include a transcript from either of the hearings.